WENDELL *vs.* LEWIS and others.

Upon the taxation of costs, where the solicitor makes the usual affidavit, as required by the 130th rule, if the adverse party wishes to have some of the items charged in the bill disallowed upon the ground that the services have not actually been performed, he must produce his affidavits, or other evidence in opposition to such items, before the taxing officer on the taxation; and where he neglects to do so, he will not be allowed to use such affidavits, or evidence, before the court, upon a motion for re-taxation, without showing a sufficient excuse for not producing the same before the taxing officer.

The usual affidavit, annexed to the bill of costs, is sufficient evidence of the performance of the services to make it the duty of the taxing officer to allow the charges, if in other respects properly taxable against the adverse party, unless there is evidence produced before him sufficient to show that the affidavit annexed to the bill is not correct, and that the services were not performed.

Where, upon the taxation of costs, items are charged, and allowed by the taxing officer, when the services thus charged have not been performed, such taxation will not protect the solicitor from liability for the treble damages, given by the statute, for receiving payment for services which had not been actually rendered.

The fact that one of several defendants, who have a common interest, lives in a different state from the others at the time of putting in the answer, is a sufficient excuse for putting in a separate answer from the other defendants, to authorize an allowance for such separate answer on taxation: although such defendant resided in the same state with the others at the time the subpœna to appear and answer was served.

If the solicitor actually attends the hearing of the cause, while the same is under argument, he is entitled to the solicitor's fee for attendance, al-

though he takes no part in the argument, and is only present a part of the time.

Charges for stipulations and orders allowing to the defendants further time to put in their answers, &c., are not taxable against the complainant. But they are taxable as between the solicitor and his client, where the further time is allowed for the benefit of the client, and not for the convenience of the solicitor merely.

Where exceptions to an answer for insufficiency are allowed, and the defendant puts in a further answer, and succeeds in his defence, he is only entitled to tax, against the complainant, for so many folios of the further answer as would have been necessary to have rendered the original answer perfect; and he is not entitled to charge the adverse party with the expense of perusing, amending, filing, swearing to, or serving the further answer.

The solicitor is not entitled to an allowance for a copy of the order to produce witnesses, and also for a notice of such order; as it is sufficient to serve a notice of the order merely. Nor is he entitled to charge for two lists of the witnesses to be examined, one for the examiner, and another for the solicitor of the adverse party; as only one list is required by the rule of the court.

It is no objection to the allowance of an abbreviation of pleadings, for the use of counsel, that the solicitor made full copies of the pleadings for the counsel instead of abbreviating them. It is only in abbreviations made for the use of the court, that the rule restricts the solicitor to one sixth of the number of folios contained in the pleadings abbreviated.

The solicitor is only entitled to charge for two copies af his bill of costs : one to be served with the notice of taxation, and another to be taxed and filed. And a charge for a draft of his bill of costs is not taxable.

Where several purchasers of distinct portions of the premises, from a party who is charged with fraud as to the whole premises, are made co-defendants, for the purpose of reaching the portions of the premises in their hands respectively, and they put in separate answers, having no connection with each other, merely setting up the defence of bona fide purchasers without notice as to their several portions of the premises, costs of putting in such separate answers may be allowed, although the defendants all appeared by the same solicitor.

If several defendants appear by the same solicitor, and partially sever in their defences, and one of them dies before a final decree in the cause, and the suit is not revived against his representatives, the solicitor cannot tax against the complainant the costs of any separate proceedings in behalf of the deceased defendant which were had previous to his death.

Where the same solicitor appears for different defendants in the same suit, he cannot charge a separate or distinct bill of costs for each defendant, nor charge more than once for services which were performed for all the defendants jointly, or were performed only once; although such defendants sever in their defences.

If the complainant, after the original defendants have appeared and put in their answers, amends his bill and brings new defendants before the court, who appear by the same solicitor as the original defendants, and put in

their answers, the solicitor is entitled to charge a separate retaining fee for new defendants, and to tax the same in a separate bill ; together with the costs of the appearance, and charges for such other services as were performed for the new defendants only, in which the original defendants had no common interest with them.

An appeal to the chancellor, from a decree of a vice chancellor, is in the nature of a new suit, and the costs of such appeal may be taxed in a separate and distinct bill from the costs in the court below. But where several parties appeal jointly, only one retaining fee and one set of charges can be allowed to their solicitor on the appeal.

Costs of a special application to the court for leave to examine a defendant as a witness in behalf of his co-defendants, are not taxable against the adverse party, as costs in the cause ; where the applicants had neglected to enter a common order for the examination of such defendant as a witness, within the time limited by the 73d rule.

In no case can costs which have been rendered necessary by the negligence of a party, or of his solicitor, be taxed as costs in the cause, against the adverse party, who was not in fault in relation thereto.

THIS was an application on the part of the complainant February 16. for a retaxation of the costs of the defendants. The bill was originally filed against Juliet Lewis and three others, (all of whom claimed an interest in the property of the late Stewart Lewis, which had been purchased by the complainant upon execution,) to set aside certain judgments and conveyances, under which the defendants claimed title to the property, as fraudulent. Three of the defendants put in a joint answer ; and one of them being in Philadelphia at the time her answer was put in, put the same in separately. The complainant's solicitor insisted that she should have answered jointly with the others, as she was at Albany, where the other defendants resided, when the subpœna was served on her. The taxing officer, however, allowed for both answers. Previous to the putting in of the answers, the time for putting the same in was several times extended for the accommodation of the defendants and their solicitor ; and the taxing officer allowed to the defendants the costs of procuring such extensions of the time, as proper charges against the complainant. The answers of these defendants were excepted to for insufficiency, which exceptions were sustained ; and the taxing officer allowed full costs for putting in the further answers.

1841.

Wendell
v.
Lewis.

After the first answer, the complainant amended his bill and Corning & Norton, J. Austin, R. Blackall, J. Mix, C. Barker, S. Paddock, O. Davison, F. Plate, F. H. Crosby, and the Trustees of the Reformed Protestant Methodist Church in Albany, who had severally become purchasers of separate and distinct portions of the premises in controversy, under Juliet Lewis and her sisters, and E. Rogers and wife, who were entitled to a legacy under the will of F. Lewis, charged on the premises, were made parties defendants in the suit. These several defendants all appeared by the same solicitor who had been employed by the original defendants in the cause; and they put in separate answers, denying all knowledge or information as to the alleged frauds stated in the bill, and setting up their several claims as bona fide purchasers, &c. Crosby having died after his answer was put in and before decree, the cause was not revived against his representatives; but an order was obtained that the suit proceed against the survivors. The vice chancellor made a decree against all the defendants, setting aside the judgments and conveyances under which the defendants claimed, on the ground of fraud; directing a reference, and reserving the question of costs. From that decree all the defendants jointly appealed to the chancellor; who affirmed the decree of the vice chancellor as to the principal part of the subject in controversy. He reversed it, however, as to some of the defendants who had purchased portions of the property, and paid their purchase money without notice of the fraud; but made a decree over against Juliet Lewis and her sisters, for the proceeds of such sales, and decreed that the complainant was entitled to the unpaid purchase money upon the sales to other defendants, whose purchase money had not been paid. From this decree the four original defendants appealed to the court for the correction of errors, so far as the decree was adverse to the rights claimed by them. And the complainant appealed from so much of the decree as was adverse to his claims. That court reversed all of the decree of the vice chancellor, and so much of the chancellor's decree as

affirmed any part of such original decree, and affirmed so much of the chancellor's decree as reversed a part of the decree of the vice chancellor. And that court further ordered and decreed that the complainant's bill be dismissed with the costs to the defendants in the court of chancery. The defendants' solicitor, in addition to his joint bill of costs againts the complainant, in favor of the four original defendants, in the proceedings before the vice chancellor and upon the appeal to the chancellor, made out and claimed eleven other separate and distinct bills of costs in favor of the several defendants who were made parties by the amendment of the original bill of complaint, including a bill of costs in favor of Crosby, who died before decree. In each of these bills he charged eight dollars as a retaining fee for solicitor and counsel. And in each, except the last, he charged twenty-six dollars for solicitors and counsel fees on the original argument, and on the argument upon the appeal to the chancellor; and $5,37½, for the expenses of making and taxing the bills respectively; including in each case, a charge of $1 for drawing the bill of costs, in addition to the two copies thereof, for the complainant's solicitor and to file. All these charges were allowed by the taxing officer; together with the usual charges for putting in a separate answer by each defendant.

Previous to the hearing, the original defendants applied for leave to examine Webster, a co-defendant, who afterwards died before the hearing, as a witness in their favor; and the costs of that application were also allowed by the taxing officer. Some other charges of minor importance, not legally taxable against the complainant, were also allowed by the taxing officer. And he allowed some others which were taxable if the services were actually performed; but which services the complainant's solicitor, in an affidavit used for the first time upon this application for a re-taxation, stated were not performed by the defendants' solicitor.

*L. H. Palmer*, for the complainant.

*S. Stevens*, for the defendants.

THE CHANCELLOR. The question as to the right of the defendants' solicitor to be allowed for his attendance on the hearing and upon the examination of witnesses, &c. cannot be settled on this application. This is an application to review the decision of the taxing officer upon the ground that he has decided erroneously ; and not a motion for a retaxation upon the ground of a discovery of new evidence in opposition to the claim of the solicitor for the services charged. The solicitor having charged for these services in his bill, and made the usual affidavit, as required by the 130th rule, that the services were actually rendered, if the fact was othenwise, the complainant should have produced his affidavits, or other evidence, in opposition to those charges before the taxing officer on the taxation ; or he must at least show some good reason why it was not then done. Where a solicitor charges for services in his bill of costs, and swears that the services were performed, it is the duty of the taxing officer to allow for those charges, if in other respects they are properly taxable against the adverse party, unless there is a preponderance of evidence against the alleged performance of the services. The adverse party is not without remedy in such a case if he can afterwards show that the charge was improperly made ; for the taxation will not protect the solicitor from liability for the treble damages given by statute for receiving pay for services which were never rendered. (2 *R. S.* 651, § 6, 7.)

In this case, I think the affidavit of the complainant's solicitor, even if it had been produced before the taxing officer, would not have been sufficient to prevent the allowance of an attendance fee upon the hearing of the cause both before the vice chancellor and on the appeal. If the solicitor actually attends upon the hearing of the cause it is not absolutely necessary that he should hear the whole

argument, or take any part therein. The object of his attendance, as stated by Chancellor Kent in his note to this item of the fee bill of April, 1818, shows that a different construction would be erroneous. (*Blake's Chan. App.* 119.)

I think the allowance for a separate answer for the widow of Stewart Lewis, who was in Philadelphia when the answer was put in, was properly allowed. Even if it had been shown before the taxing officer that she was here at the service of the subpœna, it would have been unreasonable to have required her to make a journey from Philadelphia to Albany for the sole purpose of joining in an answer with the other three defendants who put in their answer together. It is evident this separate answer was not put in for the purpose of increasing the bill of costs of the solicitor ; and the rights of Mrs. Lewis were to a certain extent different from those of her sisters-in-law.

The expenses of the different stipulations and the order giving to the defendants further time to put in their answers, &c., were not properly taxable against the adverse party. These applications are usually made for the convenience of the defendant's solicitor, and are not chargeable against the adverse party. By the practice of the English court of chancery, the costs of an application for further time to put in an answer, beyond that which is fixed by the rules of the court, are not allowed on taxation between party and party ; but they are taxable as between the solicitor and his own client, where the further time was allowed for the benefit of the client, and not for the convenience of the solicitor merely.

The taxing officer was also wrong in allowing the full costs of putting in the further answers after the exceptions to the original answers for insufficiency had been sustained. No part of the costs of the argument of those exceptions should have been taxed against the complainant ; and only so many folios of the further answers as would have been sufficient to have rendered the original answers perfect, should have been allowed. Even where the complainant

amends his bill upon the allowance of exceptions for insufficiency, the defendant is not allowed to tax against him the charges for perusing, amending, filing, swearing to and serving the answer to the exceptions and amendments ; as the expense of putting in a further answer to the exceptions is not increased by the amendments, except as to the additional folios in such further answer. (*Stafford* v. *Bryan*, 2 *Paige's Rep.* 51.)

The charges for engrossing order to produce witnesses, for a copy of the order, in addition to the notice that it had been entered, and the copy of a case made by the defendant for the hearing, were not taxable against the complainant, and should have been disallowed. The taxing officer should not have allowed for two lists of the defendant's witnesses for the complainant and the examiner. The 83d rule requires that a list of the witnesses shall be delivered either to the adverse party, or to the officer, before the examination commences. But a list for each is not required. The object of allowing the list to be delivered to the examiner, instead of the adverse party, was to provide for the case of the commencement of an examination when the adverse party, or his solicitor, was not present. Where the list of the witnesses has been delivered to the solicitor of the adverse party, therefore, either before or at the commencement of the examination, it is not necessary to deliver a copy of such list to the examiner.

I see no objection to the allowance made by the taxing officer for the abbreviations of pleadings, &c. for the use of counsel. The affidavit of the solicitor indeed showed that he made copies for the use of counsel instead of abbreviations. But as there is nothing in the rule declaring the extent of an abbreviation of a pleading for counsel, the adverse party cannot object that the abbreviation was so much longer than usual as to amount to a full copy ; as the expense thereof is the same. It is only in the abbreviations which are made for the use of the court that the rule restricts the solicitor to one-sixth of the number of folios contained in the original pleadings abbreviated.

The court has repeatedly decided that under the present fee bill, the solicitor was not authorized to charge for the draft of his bill of costs. (*See Stafford* v. *Bryan*, 2 *Paige*, 52.) He was only entitled to charge for a copy of that bill delivered to the adverse party with the notice of taxation, and for another copy to be taxed and filed.

All the other defendants who appeared by the same solicitor, and who were brought before the court by the amendments to the bill, had separate and distinct interests from each other ; and as it became necessary for each purchaser to set up and swear to his own defence, that as to his purchase it was made without any notice of the alleged fraud in the original parties under whom he claimed his particular lot, it would have been unreasonable to have required them all to join in an answer ; when none of them probably had any knowledge or information as to the bona fides of the purchase of their co-defendants. These answers were all very short, and if the defendants had attempted to answer jointly and severally the aggregate numbers of folios would probably have been increased thereby ; for in relation to each parcel of land the purchaser thereof would have been obliged to state the particulars of his purchase, and the bona fides thereof, on his own personal knowledge, and his co-defendants must have stated the same thing upon their information and belief merely ; or if they had no information on the subject, it would have been necessary for them to say so, in some way which would enable them to swear to such joint and several answer. The putting in of these separate answers by defendants whose defences were thus several and distinct in their natures, was for these reasons not improper, even if not absolutely necessary ; and could not have been intended to swell the costs of the solicitor who drew the answers. It was therefore proper to allow the solicitor, upon taxation, for the ordinary expenses of each separate answer ; except as to the answer of the defendant who died before the cause was brought to a hearing. The suit never having been revived against the representatives of that de-

fendant, and the solicitor having no claim upon any of the parties in whose favor the decree for costs was made for the expenses of putting in that answer, those expenses cannot be taxed as a part of their costs in the suit.

The remaining question, and the one which is the most important to the defendant's solicitor, as well as to the profession generally, is whether a solicitor who is employed by several defendants to defend a suit, is entitled to several bills of costs on a taxation between party and party, or even as between solicitor and clients, for retaining fees and other charges which are common to all the defendants for whom he appears.

Pursuant to a provision contained in the revised statutes, making it the duty of the chancellor to revise the rules periodically, with a view, among other things, to the diminution of all unnecessary costs, (2 *R. S.* 175, § 46,) the 130th rule, as adopted and promulgated on the day the revised statutes went into effect, directs, among other things, that where the same solictor appears for two or more defendants, or different solicitors who are partners appear for several defendants, and separate answers are put in or other proceedings had, by or for the defendants separately, the taxing officer, in the taxation of costs, either as between party and party or between solicitor and client, shall consider whether such separate answers or other separate proceedings were necessary or proper ; and if in his opinion any part of the costs occasioned thereby was unnecessarily or improperly incurred, the same shall be disallowed. A similar provision, in substance, is contained in one of the new orders of the English court of chancery. And the same provision, so enlarged as to reach the case of mere formal parties who appeared by separate solicitors, where their interest in the suit, if any, was joint and not several, was subsequently adopted by the court of chancery in Ireland, in the revision of its rules in November, 1834. (*See Cook's Ord. in Ch.* 16, *Rule* 27 ; *Smith's Orders,* 321, *Rule* 199.) In making this provision, as to the costs of separate proceedings by the same solicitor for different defendants,

it was not deemed necessary to prohibit the allowance of distinct bills of costs for each defendant, or of double or treble charges for the same services performed for all of the defendants jointly ; as it was supposed to be the settled practice of this and of all other courts not to allow separate bills to be made out, or duplicate charges to be taxed, for services which were performed but once.

In the case of *Morton's ex'rs* v. *Croghan's terretenants*, (1 *Cowen's Rep.* 233,) where several defendants appeared by the same attorney and put in pleas to protect their rights, to different portions of the premises against which the plaintiffs sought to enforce their judgments, the supreme court decided that only one retaining fee was taxable against the plaintiffs, in favor of the defendants who were entitled to costs upon the discontinuance of the suit against them. And the principle of that decision has even been extended, by the supreme court, to the costs of the attorney of several defendants in separate suits relating to the same matter, where one service only was performed for the joint or common benefit of all the defendants. (*See Jackson* v. *Garnsey*, 3 *Cowen's Rep.* 385.) The supreme court in that case directed the whole costs in all of the suits to be taxed in one bill ; and they allowed but one set of charges for the services of attorney and counsel on the motion in all of the causes jointly. In the recent case of *Jones* v. *Conyngham and others*, in the court of queen's bench in Ireland, (1 *Jebb & Syme's Rep.* 360,) where the same attorney had appeared for several defendants in a libel suit, it was declared to be the uniform practice of the court to allow but one fee to the attorney in such cases. And in the case of *Tarbuck* v. *Woodcock and another*, decided at the rolls on the 3d of December last, (21 *Legal Obs.* 110,) Lord Langdale refused to allow costs against the complainant for two separate pleas, put in by the same solicitor for different defendants for whom he appeared. Only one bill of costs was therefore permitted to be taxed in favor of both defendants. In *Starving* v. *Cousins*, (1 *Gale's Rep.* 159,) where the attorney appeared for several defendants, in an action

of tort, and some of them succeeded in their defence and the others did not, the court of exchequer held that prima facie the attorney was employed by all the defendants jointly; and if so, those who had succeeded were only entitled to an aliquot portion of the costs of the defence. And in *Gambrel* v. *The Earl of Falmouth*, (5 *Barn. & Adol. Rep.* 403,) the court of king's bench applied the same principle of taxation to two defendants who appeared by different attornies who were copartners. (*See also Bartholomew* v. *Sievens & Edwards*, 5 *Mees. & Wels. Rep.* 386 ; *Griffiths* v. *Kynaston and others*, 2 *Tyrwh. Rep.* 757 ; *Griffith* v. *Jones*, 1 *Gale's Rep.* 254.)

In the present case, the solicitor who was retained by the four original defendants was entitled to his full costs, for so much of the defence as related to them, up to the time of his retainer by the new defendants who were made parties by the amendment of the bill. And a new retaining fee for solicitor and counsel should be allowed for the new defendants brought before the court by the amendment. They should also be allowed for the costs of their appearance and of separate answers, and for such other services as were necessary to be performed for them individually or collectively, in which the original defendants had no common interest with them ; and those costs it may be proper to tax in a separate bill.

The appeal, by all the defendants jointly, from the decree of the vice chancellor is in the nature of a new suit, and may also be taxed in a separate bill in behalf of all the appellants. But as this was a joint proceeding, only one retaining fee and one set of charges can be allowed upon the appeal. To this bill the defendant's solicitor is to be permitted to add the necessary expenses of filing the remittitur, and of the motion to make the decree of the court for the correction of errors a decree of this court, if they are not already embraced in the bill as taxed ; and any other proper charges which were left out of the former bills through inadvertence.

The charges for the application to the court for the ex-

amination of Webber as a witness in behalf of his co-defendants were not properly taxable against the adverse party as costs in the cause, even if the application was successful. For if he was a competent witness, the necessity of a special application to the court must have arisen from the neglect of the defendants' solicitor to enter a common order for his examination within the time limited by the 73d rule for that purpose. And in no case can costs which have been rendered necessary by the negligence of a party, or of his solicitor, be taxed as costs in the cause, against the adverse party, who was not in fault in relation thereto.

The costs must be retaxed upon these principles, unless the parties can now agree upon the amount to be paid, without further expense. And if a retaxation shall be necessary, the defendants' solicitor is to be at liberty to make out a new bill omitting all of the objectionable charges, and adding thereto any proper charges which were omitted in the former bill by mistake ; to which new bill he is to annex the usual affidavit in conformity with the provisions of the 130th rule of the court.

Neither party to have costs as against the other upon this application.