## SUPREME COURT.

THOMAS WALKER, President of the Bank of Utica agt. RUS-
SELL, ALLEN and others.

Where several defendants appear by the same attorney, as a general rule, but one
bill of costs is allowed, where the defence is substantially the same; but where
it is necessary to interpose *separate answers*, the charges therefor should be
allowed to the attorney.

*Witnesses' fees* are included in the necessary *disbursements* which the prevailing
party has a right to have adjusted, and inserted in his judgment.

It does not follow that the co-defendant of a party to an action, will necessarily
attend on its trial. If he does attend as a *party*, and during his attendance is
examined as a *witness*, he cannot claim *witness's fees*. But if it be made to ap-
pear to the taxing officer, that such co-defendant attended solely as a *witness*,
the disbursements for such witness's fees would be necessary.

*Broome Special Term, April,* 1858.
APPEAL from adjustment of costs.

RICHARD M. HARRINGTON, *attorney, and* GILES HOTCHKISS,
*counsel for defendants.*

WARD HUNT, *for plaintiff.*

CAMPBELL, Justice. The action was brought by the presi-
dent of the Bank of Utica, against a number of persons in dif-
ferent parts of the state, who were individual creditors of
Russell & Van Valen, also defendants; the bank claiming that
Russell & Van Valen were copartners, and that debts due to
the bank on certain drafts drawn by Van Valen and accepted
by Russell, were a joint charge upon the assets of Russell &
Van Valen. Van Valen did business in his individual name, at
Cortlandville, and Russell in his individual name, in the city of
New-York. Russell and one of his creditors, Allen, appeared
as defendants by the same attorney, though they put in separate
answers. At the hearing before the referee, they examined
some of these co-defendants as witnesses for them, and such co-
defendants also gave evidence in their own behalf.

On the adjustment of the costs, the clerk allowed but three

term fees, and but one bill of costs to Russell & Allen, and disallowed the charges for witnesses' fees paid to the co-defendants. The costs were adjusted in March before the amendment of the Code, and under the law in force at the time of the adjustment, but three term fees were recoverable. The clerk was right as to that item. Where defendants appear by the same attorney, as a general rule, but one bill of costs is allowed, where the defence is substantially the same; but where it is necessary to interpose separate answers, it seems to me the rule should prevail as formerly, when in such cases the attorney was allowed for the pleas of the co-defendants. In this case separate answers were put in, properly, I think, and then, as I infer, the action proceeded and testimony was taken in behalf of Russell & Allen, jointly. The attorney of these defendants should have been allowed in addition to his bill of costs in Russell's case, his charges for putting in the separate answer of Russell.

As to witnesses' fees, they are included in the necessary disbursements which the prevailing party has a right to have adjusted and inserted in his judgment. It does not follow that the co-defendant of a party to an action, will necessarily attend on its trial. If he does attend as a party, and during his attendance is examined as a witness, he cannot claim witness's fees. The law allows him no compensation for his attendance as a party, except the specific charges for trial, &c. Those charges he is entitled to, whether he appears by attorney, or whether he prosecutes or defends in person.

. But if it be made to appear that such co-defendant attended solely as a witness, and not as a party, and would not otherwise have attended there as a witness, then it would be difficult to point out the difference between the disbursements to procure the attendance of the co-defendant or of any other material witness. Both disbursements would be necessary. In this case it does not appear from anything before me, that the co-defendants attended solely as witnesses. Without positive affirmative proof on this point, I think the inference should be that they attended as parties as well as witnesses. The clerk was right, therefore, in rejecting that item. :