## ROGERS *a.* CHAMBERLAIN.

*New York Common Pleas; Special Term, November,* 1858.

### COSTS.—WITNESS' FEES.

The defendant attended, and was examined as a witness in his own behalf on the trial of the action; and for the purpose of doing so, travelled from the city of Rochester to the city of New York.

*Held,* that on prevailing in the action he was entitled to tax fees for such travel and attendance, as for any other witness.*

---

* WALKER, President, *a.* RUSSELL, (*Supreme Court; Sixth District, Special Term, April,* 1858).—This case came before the court on a question of costs involving the same point passed upon in the case reported above.

Rogers *a.* Chamberlain.

Question as to taxation of costs.

The facts are sufficiently stated in the opinion.

*A. H. Wallis*, for the plaintiff.

*F. E. Dana*, for the defendant.

HILTON, J.—Upon the trial of this action the defendant was examined as a witness in his own behalf. Judgment having

---

*Ward Hunt*, for the plaintiff.

*G. Hotchkiss*, for the defendants.

CAMPBELL, J.—The action was brought by the president of the Bank of Utica, against a number of persons in different parts of the State, who were individual creditors of Russell & Van Valen, also defendants ; the bank claiming that Russell & Van Valen were copartners, and that debts due to the bank on certain drafts drawn by Van Valen and accepted by Russell, were a joint charge upon the assets of Russell & Van Valen. Van Valen did business in his individual name, at Cortlandville, and Russell in his individual name, in the city of New York. Russell and one of his creditors, Allen, appeared as defendants by the same attorney, though they put in separate answers. At the hearing before the referee, they examined some of these co-defendants as witnesses for them, and such co-defendants also gave evidence in their own behalf.

On the adjustment of the costs, the clerk allowed but three term fees, and but one bill of costs to Russell and Allen, and disallowed the charges for witnesses' fees paid to the co-defendants. The costs were adjusted in March, before the amendment of the Code, and under the law in force at the time of the adjustment but three term fees were recoverable. The clerk was right as to that item.

Where defendants appear by the same attorney, as a general rule, but one bill of costs is allowed, where the defence is substantially the same ; but where it is necessary to interpose separate answers, it seems to me the rule should prevail as formerly, when in such cases the attorney was allowed for the pleas of the co-defendants. In this case separate answers were put in—properly, I think ; and then, as I infer, the action proceeded and testimony was taken in behalf of Russell and Allen, jointly. The attorney of these defendants should have been allowed, in addition to his bill of costs in Russell's case, his charges for putting in the separate answer of Russell.

As to witnesses' fees, they are included in the necessary disbursements which the prevailing party has a right to have adjusted and inserted in his judgment. It does not follow that the co-defendant of a party to an action will necessarily attend on its trial. If he does attend as a party, and during his attendance is examined as a witness, he cannot claim witness' fees. The law allows him no compensation for his attendance as a party, except the specific charges for trial, &c. Those charges he is entitled to, whether he appears by attorney, or whether he prosecutes or defends in person.

But if it be made to appear that such co-defendant attended solely as a witness,

been rendered in his favor, the question now presented is, whether he is entitled to the fees of a witness in travelling from Rochester to attend the trial.

The Code (§ 311) requires the clerk, on the application of the prevailing party, to insert in the entry of judgment " the allowances for costs," " the necessary disbursements, including the fees of officers allowed by law, *the fees of witnesses*, the reasonable compensation to commissioners in taking depositions, the fees of referees, and the expense of printing papers," &c. The disbursements to be stated in detail, and verified by affidavit.

At the time this section was amended and enacted in its present form, section 399 was also amended, so as to permit a party to an action to be examined as a witness in his own behalf, the same as any other witness.

It seems, therefore, reasonable to presume that the words " witness" and " witnesses," as thus used, were intended to include every person who gave evidence on the trial of the cause (*Best on Evid.*, § 114); and as to whom, before their fees could be included in the judgment, it was the duty of the clerk to require an affidavit, showing their actual attendance and examination, and the distance they respectively travelled.

It is not necessary now, any more than it was previous to the Code, to show that the witnesses had been paid their fees, before they could be allowed in the taxation of the costs; but it is enough to make it appear that they actually attended and were examined as witnesses, and the distance travelled. From this proof the clerk is to determine the fees they are entitled to, and that amount it is made his duty to insert in the judgment. (Wheeler *a.* Lozee, 12 *How. Pr. R.*, 446.) But it is said that a prevailing party is allowed certain sums by way of indemnity

and not as a party, and would not otherwise have attended there as a witness, then it would be difficult to point out the difference between the disbursements to procure the attendance of the co-defendant or of any other material witness. Both disbursements would be necessary. In this case, it does not appear from any thing before me that the co-defendants attended solely as witnesses. Without positive affirmative proof on this point, I think the inference should be that they attended as parties as well as witnesses. The clerk was right, therefore, in rejecting that item.

Compare also Cornell *a.* Potter, *VI. District, Sp. T.*, 1857 (15 *How. Pr. R.*, 278).

for his expenses in the action, which allowances are termed costs (*Code*, § 303); and that, therefore, he is confined to the costs thus allowed for every act he may be called upon to do in the progress of the cause.

To this proposition thus stated I see no objection; but if it is supposed that among the acts he may be called upon to do, is that of being a witness upon the trial, then I ask, can he be compelled to attend the trial at the instance of the adverse party without being first duly subpœnaed and paid his fees for travelling and attendance?

And as he certainly cannot, then where is the difference between his attending the trial on his own behalf, and attending on behalf of the adverse party?

In either case the fees for travel and attendance would be those allowed to "any other witness" for similar service, and it seems to me immaterial whether he earns or becomes entitled to them while acting on his own behalf, or while acting on behalf of the adverse party: except that in the first case, his recovery of them, like his recovery of the fees he may become liable for, or pay to those witnesses whose attendance he requires at the trial, will depend upon whether or not he is the prevailing party; while in the latter case he would receive the fees *as a witness*, be entitled to them as such, and if defeated in the action, they would be inserted in the judgment entered against him as the *fees of a witness* who attended and was examined on the trial. (Querissle *a.* Hilliard, 3 *Abbotts' Pr. R.*, 31.)

For these reasons, I am of opinion that the defendant is entitled to have allowed, and inserted in the judgment, his fees *as a witness* in travelling from Rochester to attend and be examined at the trial on his own behalf.