## SUPREME COURT.

Isaac M. Lindslay, admin'r, agt. Solomon Deafendorf and Frederick B. Deafendorf.

Where the *decision* of the court, filed in the action, directs judgment in favor of the *defendants against the plaintiff*, who sues as administrator, it allows the costs to be taxed, and charged upon, and collected *out of the estate* represented by the administrator; and, in the absence of a special order made for mismanagement, they cannot be collected out of the administrator personally.

Where the plaintiff allowed sixteen months to elapse after his summons and complaint were served upon one of the defendants before he caused the same to be served on the other defendant, thus rendering it necessary that two answers should be prepared, though they contained substantially the same defenses; for that reason, *each defendant* allowed the *costs* before notice of trial, and disbursements prior to issue being joined by service of the answer of the defendant last served.

*Oswego Special Term, March,* 1872.

This action was commenced to recover possession of a five hundred dollar bond, or the proceeds thereof.

The summons was served on the defendant, Solomon, April, 1870, who employed Whitney & Skinner as his attorneys, who appeared and answered for him. And on the 31st of August, 1871, the summons and complaint were served on defendant, Frederick B., who retained the law firm of Whitney & Skinner as his attorneys, and they served an answer for him, October, 1871.

The trial was had at the January circuit, and a judgment given for the defendants, dismissing plaintiff's complaint. The principal defense alleged, and upon which the defendants prevailed, was that the bond in question was the property of one Eldred, who was a purchaser for value, and that the defendants were merely his agents for its disposal. This defense and the others alleged were common and substantially

alike for both defendants. The principal charge of the case was in the hands of Judge Whitney, although Mr. Skinner appeared and attended upon a portion of the trial.

This motion is made to obtain an order allowing the *defendants two bills of costs* against the estate represented by the administrator.

C. WHITNEY, *for motion.*

J. C. CHURCHILL, *opposed.*

HARDIN, *J.*—The decision filed in this action directed judgment in favor of the defendants against the plaintiff. That allows the costs to be taxed, and charged upon, and collected out of the estate represented by the administrator, and, in the absence of a special order made for mismanagement, they cannot be collected out of the administrator personally (*Code,* § 317; *Dodge* agt. *Crandall,* 30 *N. Y.,* 294; *Slocum* agt. *Barry,* 38 *N. Y.,* 46; *Fish* agt. *Crane,* 9 *Abb.,* *N. S.,* 252; *House* agt. *Lloyd,* 9 *Abb., N. S.,* 257).

Had the plaintiff recovered judgment in this action, he would have also, under section 304, been entitled to recover his costs, and therefore, in virtue of section 305, upon the recovery by the defendants, they are entitled to recover costs, and as before observed collect them out of the estate represented by the administrator. Such is the effect of section 305 in its application to their case, and the learned counsel for defendants is in error in supposing that section entitles the defendants to two bills of costs.

Before the amendment of section 306, by the legislature in 1851, it was in terms applicable to cases not provided for by sections 304 and 305, and gave the court discretion in equity cases, but the amendment of 1851 provide that "in all actions where there are several defendants not united in interest, and making separate defenses by separate answers, and the plaintiff fails to recover judgment against all, the court may award costs to such of the defendants as have

judgment in their favor, or any of them," and since this amendment, it has been repeatedly held, that in all actions " when there are several defendants, not united in interest, and making separate defenses by separate answers, and the plaintiff fails to recover judgment against all, the costs must be awarded by the court before they may be taxed and entered (*Bank of Utica* agt. *Wolf*, 18 *How.*, 102 ; *Wicklow* agt. *Bell*, 18 *How.*, 397). The section now applies to all cases whether legal or equitable (29 *How.*, 89).

The general rule is doubtless not to allow but one bill of costs when several defendants appear by the same attorney, and put in separate answers, and in cases where different defendants appear by separate attorneys who are partners, as well as when an attorney appears for one defendant, and another defendant appears by an attorney who is the clerk in the office of the other attorney (16 *Barb.*, 593 ; 8 *Paige*, 621 ; 5 *How.*, 104; 6 *How.*, 9 ; 6 *Hill*, 267 ; 2 *Sandf.*, 670 ; 3 *Sandf.*, 730 ; 16 *How.*, 91; 20 *How.*, 511).

When the appearance is by different attorneys for separate defendants collusively, and for the purpose of increasing costs, the courts have uniformly refused to allow more than one bill, and it has been said that when attorneys occupy the same office, it is strong ground for presuming that such appearance was for the purpose of increasing costs (15 *Abb.*, 75 ; *op. by* INGRAHAM, 29 *How.*, 89).

But in cases where there is no evidence before the court to prove or circumstances to justify the presumption, that the appearance was for the purpose of increasing the costs, and double services have in fact been performed the practice has been to allow double bills or additional bills to the extent of the increased services performed necessarily or properly in the cause.

When the Revised Statutes were adopted, they contained a provision requiring the chancellor to revise his rule as periodically, so as to regulate as well as diminish the costs chargeable thereunder—in pursuance of such requirements he pro-

vided by rule 130, adopted so as to take effect the same day the Revised Statutes went into effect, "that when the same solicitor appeared for two or more defendants or different solicitors who are partners appear for several defendants, and separate answers are put in or other proceedings had by or for the defendants separately, the taxing officers in the taxation of costs, either as between party and party or between solicitor and client, shall consider whether such separate answers or other separate proceedings were necessary or proper; and if in his opinion any part of the costs occasioned thereby, was unnecessarilly or improperly incurred, the same shall be disallowed."

The chancellor states in his opinion in *Wendell* agt. *Lewis*, (8 *Paige*, 614, 622), that it was supposed to be the settled practice at the time of the adoption of that rule, of his and "all other courts not to allow separate bills to be made out, or duplicate charges to be taxed for services which were performed but once," and in that case, he allowed the solicitor a new retaining fee for the new defendants brought before the court "by an amendment" (2 *Hoffman, Ch. R.*, 86) The case in the 6th *Hill*, 265, which is cited by the learned counsel opposing this motion, as anything for disallowing two bills of costs, states the general rule, and judge BRONSON in following the rule allowed a charge for two pleas, because the action was for tort, and they pleaded separately "there being two defendants entitled to costs, and only one attorney (*op.*, 266) In *Tenbroeck* agt. *Paige*, 6 *Hill*, 267), there were two attorneys for different defendants, and only such services as were separate and distinct, were allowed to be taxed.

In *Walker* agt. *Allen*, (16 *How.*, 91), the court allowed the attorney who appeared for two defendants, "in addition to his bill of costs his charges for putting in the separate answers of Rusell," it having been necessary in that case to interpose a separate answer (*Same case*, 8 *Abb.*, 452).

In *Castellanos* agt. *Beauville*, (2 *Sand, supra*), it was held

only one bill would be allowed when the defenses have been united, and for the period before the union of the management of the case, separate bills were allowed to the separate attorneys.

The plaintiff in this case allowed sixteen months to elapse after his summons and complaint were served upon one of the defendants before he caused the same to be served on the other defendant, thus rendering it necessary that two answers should be prepared, though they contained substantially the same defenses, and for that reason, each defendant should be allowed the costs before notice of trial and disbursments prior to issue being joined by service of answer of the defendant last served.

Order accordingly, without costs of the motion.