Lane agt. Van Orden.

*Charles Blandy*, for appellant, argued that no privity of contract existed between plaintiff and defendant, and cited *Norwood et al.* agt. *Barcalow* (6 *Daly*, 117).

*Joseph D. Fay*, for respondent, cited same case.

---

## SUPREME COURT.

### LEAVITT LANE agt. HENRY S. VAN ORDEN and WILLIAM A. KENNEDY.

*Costs — When defendants who sever in their defense, appearing by different attorneys and all succeed, are entitled to separate bill of costs — Extra allowance — When entitled to — Code of Civil Procedure, sections 3228, 3229.*

In an action brought by plaintiff to recover from defendants, who were at the time of the alleged contraction thereof copartners, a debt which he claimed had been incurred by their fraudulent misrepresentations as to their ability to pay. They appeared by separate attorneys and a verdict was rendered in favor of both defendants. On motion to be allowed separate bills of costs, and for an extra allowance:

*Held,* that under the Code both defendants are entitled to costs, and such claim can only be disallowed upon the ground that the appearance by

Lane agt. Van Orden.

separate attorneys was in bad faith and for the sole purpose of incurring costs.

*Held*, further, that the burthen of proving this rests upon the plaintiffs, and the facts do not justify such a conclusion. The attorneys have no connection in business, their offices are separate, the undertakings upon the arrest were separate, and as one of the defendants may have been guilty of fraud and the other not, they were justified in making a separate defense by different attorneys, and having done so and succeeded they are both entitled to costs.

*Held*, also, that the case was " a difficult and extraordinary one," and under section 3253 an extra allowance should be made.

*Ulster Special Term, February*, 1882.

MOTION by defendants to be allowed separate bills of costs, and for an extra allowance.

*J. I. & F. Werner*, for defendants.

*S. G. Young*, for plaintiff.

WESTBROOK, *J.*— This action was brought by the plaintiff to recover from the defendants, who were at the time of the alleged contraction thereof copartners, a debt which he claimed had been incurred by their fraudulent misrepresentations as to their ability to pay.

The cause was tried at the Ulster circuit in January, 1882, and the verdict was in favor of both the defendants, who, as they appeared by separate attorneys, ask for the allowance of separate bills of costs and for an extra allowance.

This motion was argued as if the granting of costs to each defendant rested in the discretion of the court, but I do not so understand the Code. Very clearly, under subdivision 4 of section 3228, if the plaintiff had recovered "fifty dollars or more" he would have been entitled to costs. The next section (3229), in its first sentence, declares: " The defendant is entitled to costs, of course, upon the rendering of final judgment, in an action specified in the last section, unless the plaintiff is entitled to costs as therein prescribed." Having

Lane agt. Van Orden.

made this clear provision for costs, and which is applicable to the present case, because the plaintiff has failed as to both defendants, the section proceeds to state when costs are in the discretion of the court, and that is when the action is brought against two or more defendants in which "the plaintiff is entitled to costs against one or more, but not· against all of them." In such a case it is declared "none of the defendants are entitled to costs, of course;" and it is further provided that "in that case costs may be awarded, in the discretion of the court, to any defendant, against whom the plaintiff is not entitled to costs, when he did not unite in an answer, and was not united in interest, with a defendant against whom the plaintiff is entitled to costs."

As the Code reads both defendants are entitled to costs, and such claim can only be disallowed upon the ground that the appearance by separate attorneys was in bad faith and for the sole purpose of incurring costs ( *Williams* agt. *Cassidy*, 59 *How.*, 490). The burden of proving this rests upon the plaintiff, and I do not think that the facts justify such a conclusion. The attorneys have no connection in business; their offices are separate; the undertakings upon the arrest were separate, and as one of the defendants may have been guilty of fraud and the other not, they were justified in making a separate defense by different attorneys. Having done so and succeeded they are both entitled to costs for the reason that the proof submitted does not justify the conclusion that the separate appearance was in bad faith.

The next question is, should there be an extra allowance? I think that this may be deemed "a difficult and extraordinary case" under section 3253 of the Code. It certainly presented a difficult question of law upon which the case is to be reviewed, and upon the facts the evidence was conflicting. It is said that the case is a hard one for the plaintiff, and therefore no allowance should be made. The difficulty with this suggestion is that it presents a consideration outside of the statute, and which, if adopted as sound, compels the court

to balance equities upon every application of this character. Not only would this view of the statute impose great labor upon a judge, but it overrides the statute which gives the extra costs "in a difficult and extraordinary case." This part of the motion is, therefore, also granted, but there must be only an allowance of five per cent upon the amount sought to be recovered, $162.70, with interest from August 1, 1881, one-half of which is allowed to each defendant. No costs are allowed upon this motion.