MAZET *v.* CROW *et al.*

*(City Court of New York, Special Term.* April 7, 1890.)

COSTS—ALLOWANCE OF SEVERAL BILLS—SEPARATE ANSWERS.

In an action by the indorsee against the maker and indorser of a promissory note the summons and complaint were served on one defendant on January 18th, and on January 24th his separate answer was served. The other defendant was served with the summons and complaint on March 11th, and he served his separate answer on March 18th. Both defendants appeared by the same attorney, but the answers were substantially different, and separate answers were necessary. *Held* that, on discontinuing the action, plaintiff would be required to pay two bills of costs.

Action by Robert Mazet against Moses R. Crow and Roland M. Hazard. Plaintiff moves for leave to discontinue the action.

*Robert Mazet,* for plaintiff. *A. Perry,* for defendants.

GIEGERICH, J. The only question to be determined on this motion is whether the plaintiff should be permitted to discontinue the action upon pay-

ment of but one bill of costs. This action is on a promissory note, brought by the indorsee against the maker and indorser thereof. The summons and complaint were served on the defendant Hazard on or about January 18, 1890, and on January 24, 1890, his separate answer was served. The summons and complaint were not served on the defendant Crow until on or about March 11, 1890, and his separate answer was served on March 28, 1890. The defendants appear by the same attorney, but it is unquestioned that the answers of the defendants are substantially different, and that separate answers were necessary in the case. This case has not as yet been noticed for trial by either of the parties thereto, and the plaintiff now applies for leave to discontinue the action on payment of defendants' statutory costs to date, and he contends that, in view of the fact that both of the defendants appear by the same attorney, the application should be granted upon payment of but one bill of costs. The authorities, however, in view of the circumstances of the case, do not favor the position contended for. *Walker* v. *Russell*, 7 Abb. Pr. 452, note, 16 How. Pr. 91; *Lindslay* v. *Deafendorf*, 43 How. Pr. 90. In *Lindslay* v. *Deafendorf*, *supra*, the plaintiff had allowed a considerable space of time to elapse after his summons and complaint were served upon one of the defendants before he caused the same to be served on the other defendant, thus rendering it necessary that two answers should be prepared, although they contained substantially the same defenses, and were interposed by the same attorneys, who appeared for both of the defendants. After the trial of the action a motion was made to obtain an order allowing the defendants two bills of costs. HARDIN, J., in granting the same, at page 92, well states the rule as follows: "The general rule is doubtless not to allow but one bill of costs where several defendants appear by the same attorney, and put in separate answers, and in cases where different defendants appear by separate attorneys who are partners, as well as when an attorney appears for one defendant, and another defendant appears by an attorney who is the clerk in the office of the other attorney. * * * But in cases where there is no evidence before the court to prove, or circumstances to justify the presumption, that the appearance was for the purpose of increasing the costs, and double services have in fact been performed, the practice has been to allow double bills or additional bills to the extent of the increased services performed necessarily or properly in the cause." As it was necessary to interpose separate answers in this cause, which are substantially different, the rule above stated should prevail, and it follows that double bills of costs must be allowed. The motion to discontinue this action will therefore be granted upon the payment by the plaintiff to each of the defendants of their separate bills of costs.