Giegebich, J.
The only question to be determined, on this motion is whether the plaintiff should be permitted to *373 ■discontinue the action upon payment of but one bill of costs. This action is on a promissory note, brought by the indorsee against the maker and indorser thereof. The summons and complaint were served on the defendant Hazard on or about the 18th day of January, 1890, and on the 24th day of January, 1890, his separate answer was served. The summons :tmd complaint were not served on the defendant Crow until on dr about the 11th day of March, 1890, and his separate .answer was served on the 28th day of March, 1890. The defendants appear by the same attorney, but it is unquestioned that the answers of the defendants are substantially different, and that separate answers were necessary in the •case.
This cause has not as yet been noticed for trial by either of the parties thereto, and the plaintiff now applies for leave to discontinue the action on payment of defendants’ statutory •costs to date, and he contends that, in view of the fact that both of the defendants appear by the same attorney, the application should be granted upon payment of but one bill -of costs. The authorities, however, in view, of the circumstances of the case, do not favor the position contended for (Walker v. Russell, 7 Abb. Pr. 452 n., 16 How. Pr. 91; Lindslay v. Deafendorf, 43 How. Pr. 90.)
In Lindslay v. Deafendorf (supra), the plaintiff had allowed a considerable space of time to elapse after his summons and complaint were served upon one of the defendants before he caused the same to be served on the other defendant, thus rendering it necessary that two answers should be prepared, although they contained substantially the same defenses and were interposed by the same attorneys, who appeared for both of the defendants. After the trial of the action a motion was made to obtain an order allowing the defendants two bills of costs. Hardin, J., in granting the same, at page 92, well states the rule, as follows : “ The general rule is doubtless not to allow but one bill of costs where several defendants appear by the same attorney, and put in separate answers, and in cases where different defend *374 ants appear by separate attorneys who are partners, as well-as when an attorney appears for one defendant, and another defendant appears by an attorney who is a clerk in the office of the other attorney. . . . But in cases where there is no evidence before the court to prove or circumstances to justify the presumption that the appearance was for the-purpose of increasing the costs, and double services have in fact been performed, the practice has been to allow double bills or additional bills to the extent of the increased services-performed necessarily or properly in the cause.”
As it was necessary to interpose separate answers in this cause, and which are substantially different, the rule above-stated should prevail,.and it follows that double bills of costs must be allowed. The motion to discontinue this action will, therefore, be granted upon the payment by the plaintiff to each of the defendants, of their separate bills of costs.
Note on Costs to Several Dependants.
The rule may now be regarded as settled that defendants-have a right to appear by separate attorneys, and, if they succeed, to tax separate bills of costs. This right they possessprima facie, and in common law actions, as of course (cases 1-6 below). It may be defeated, however, by the plaintiff showing that the separate appearances were in bad faith, without necessity, and for the purpose of increasing the costs (case-7 below). Moreover, in order to preserve the right to separate costs, it is necessary ordinarily for the defendants to appear by separate attorneys, who are not connected in business (cases-8, 9 below). '
The cases where separate costs have-been allowed to parties appearing by the same attorney are infrequent, and are illustrated by the case in the text, and cases 10-12 below. Even in these cases the right to entire separate bills of costs is not-sustained, but only costs of separate steps in the action necessarily taken by one defendant independently of the other.
Separate costs of appeals depend in large measure on the direction of the appellate court (cases 14-16 below).
In equity cases the right of the court to allow costs to-defendants appearing by separate attorneys and putting in separate answers, is well settled (Hauselt v. Vilman, 76 N. Y. 630).
In actions known in general as common law actions, where *375 plaintiff recovers less- than $50, or defendant prevails, the statute provides that “ the defendant is entitled to costs,” Code Civ. Pro. § 3229, and no provision is made expressly for the case of several defendants all prevailing against the plaintiff or against all of whom the plaintiff recovers less than $50. But where plaintiff is entitled to costs against part of several defendants, the others are not entitled to costs as of course. But it is in the discretion of the court to give costs to any of those against whom plaintiff is not entitled to costs where he is not united in answer nor in interest with a defendant against whom plaintiff is entitled to costs. It follows that without question the court have power in their discretion to grant costs to each of several defendants in equity actions, and also in those common law actions where the defendants so allowed separate bills were joined with another defendant who did not prevail, but were not united in interest nor in the same answer with such other defendant.
And if the phrase “ the defendant” in the provision above quoted is to be construed distributively, the court have power in all cases to award separate bills of costs to several defendants appearing by the same attorney, as well as if appearing by separate attorneys, unless the defendant claiming it has lost his right by being joined in answer and in interest with one against whom plaintiff has a right to costs (case 13 below.) The question is therefore chiefly one of discretion, and the following cases indicate the method in which that discretion has been exercised.

Gases of allowance of separate costs to parties appea/ring by different attorneys.

1. Delaware, Lackawana, etc. R R Co. Burkhard, 2 State Rep. 184. Action to recover upon a bond executed by defendants as sureties. Burkbard appeared and'answered, and the other two defendants appeared and answered separately by a different attorney. Motion for an order directing separate bills. Motion denied.—Reid, upon appeal, error; that unless it appeared that the parties in appearing and answering separately, were in collusion or acting in bad faith, they were entitled to separate bills of costs as of course, and as a right.
The court after reviewing the authorities, say, “ It consequently appears to us that in actions at law, where all of the defendants have succeeded upon the trial,- those not united in interest who" have appeared by different attorneys have the right to present bills of costs to the clerk and to have them taxed; that they are entitled to costs of course, and as a right. This right can only be defeated by showing that the parties are united in interest or collusively appeared by sepa *376 rate attorneys in bad faith for the porpose of enhancing the plaintiff’s costs. That the burden of proving this rests upon the plaintiff. In case more than one bill of costs is taxed, he can move at Special Term for a retaxation, and that one bill be struck out.”
2. Ten Broeck v. Paige, 6 Hill, 267. Action in tort. Two defendants appeared by different attorneys, and taxed separate bills of costs.— Held, on appeal, that each was entitled to a full bill of costs so far as the services were separate. But as to the services which were alike for both, there should be but one taxation.
3. Bridgeport, etc. Ins. Co. v. Wilson, 20 How. Pr. 511. Action against several defendants jointly interested, on an indemnity bond. Defendants appeared and defended by separate attorneys. Succeeding upon the trial, each taxed a separate bill of costs.—Held, on appeal from an order denying a motion for re-taxation, that there appearing to be nothing collusive or unfair, but, on the contrary, that the defences were co'nducted separately in good faith, there was no ground for denying defendants’ right to recover separate bills of costs.
4. Royce v. Jones, 23 Hun, 452. Action to recover damages for having made certain false representations to plaintiff Trial and verdict for defendants. Defendant Beach appeared and answered, by his attorneys.' The other defendants appeared by a different attorney, and answered by a separate answer containing a general denial, the same and only defense set up by Beach. Two bills of costs were allowed.—Held, upon appeal, that each defendant appearing and answering separately, was entitled, in the absence of evidence showing bad faith in severing the defense, to tax a separate bill of costs.
5. Lane v. Van Orden, 11 Abb. N. C. 228. Action against defendants, co-partners, for a debt alleged to have been incurred by their fraudulent misrepresentations. Both defendants appeared separately, and a verdict was rendered in their favor. Motion by defendants for separate bills of costs ; and for an extra allowance.—Held, that a verdict having been rendered in favor of both defendants they were entitled to separate bills of costs, of course, unless it is shown that the appearance by separate attorneys was in bad faith, and for the sole purpose of incurring costs ; and the burden of proving this rests upon plaintiff.
6. Milligan v. Robinson, 58 How. Pr. 380. Action against two defendants to set aside a sale made by one to the other on the ground of inadequacy of consideration and fraud. Defendant’s appeared by separate attorneys and were successful. Each taxed a separate bill of costs.—Held, on appeal, that they were entitled to separate bills, and *377 an order striking out defendants’ costs, and only allowing one bill, was reversed.

Separate appearances in bad faith.

7. Williams v. Cassady, 22 Hun, 180. Defendants were sued as co-partners. Each appeared by a different attorney and served a separate answer. It appeared that one of the defendants, who was a nonresident, left the State to avoid his creditors, and having no property subject to attachment, was served by publication; that the notice of the retainer of the attorney for the other defendant was in the handwriting of the attorney for the non-resident defendant, and the answers were identical ; that of one being copied and verified in the office of the attorney for the other. Each defendant taxed a separate bill of costs.—Held, on appeal affirming an order setting aside such separate bills, that the severance of the action was in bad faith, and that but one bill of costs should be allowed.

Gases of separate appearance by attorneys who are partners or connected in business.

8. Perry v. Livingston, 6 How. Pr. 404. Defendants appeared nominally by different attorneys, but the attorney of one of the defendants was the clerk of the attorneys of the other two defendants. There was no necessity of a separate defense.—Held, upon appeal from taxation of clerk allowing separate bills, that but one bill of costs should have been taxed. That where parties appear by the same attorney, although they answer separately, but one bill of costs can be taxed, and the rule is the same where they appear by different attorneys who are partners, or where the relation between them is that of employer and clerk" That it was in effect an appearance by the same attorney.
9. Howell v. Veith, 2 City Ct. 405. Defendants interposed separate answers by different attorneys. Plaintiff proved upon the taxation that one of the attorneys who appeared was a clerk of the other attorney, occupying the same office. Only one bill of costs was allowed —Held, on appeal, that the taxation should be affirmed. That the presumption that defendants were entitled to' separate bills was destroyed by proof of the relationship between the attorneys, there being no occasion for a separate defense.

Gases on right to separate costs to parties appearing by the same attorney.

10. Walker v. Russell, 16 How. Pr. 91. Two of the defendants appeared by the same attorney, but interposed separate answers. But *378 one bill of costs was allowed by the clerk upon adjustment.—Meld, on appeal, that where defendants appear by the same attorney, but one bill of costs should be allowed, where the defence is substantially the same; but where it is necessary to interpose separate answers, as was the present case, the charges for the separate answer should be allowed.
This decision was approved under the provisions of the Code of Civil Procedure in Zeisler v. Steinmann, 58 Super. Ct. (J. & S.) 184.
11. Lindslay v. Deafendorf, 43 How. Pr. 90. Plaintiff allowed sixteen months to elapse after the summons and complaint were served on one defendant, before he caused the same to be served on the other. Both defendants employed the same attorney. On motion to allow defendants two bills of costs,—Melcl, that as plaintiff allowed such a length of time to elapse before causing one of the defendants to be served, thus rendering it necessary that separate answers should be prepared, though containing substantially the same defenses, each defendant should be allowed the costs before notice of trial and disbursements prior to issue being joined by service of answer of the defendant last served.
12. Browne v. Murdock, 12 Abb. N. C. 360. One of the defendants appeared in person and likewise by attorney, as guardian for several infant defendants. Substantially the same defence was interposed in both issues, but by separate answers.—Meld,, upon appeal from an order dismissing the complaint, that such defendant was entitled to but one bill of costs.
13. Hodgkins v. Mead, 5 N. Y. Supp. 435. Defendants were husband and wife, and appeared by the same attorney. Plaintiff sued to recover certain commissions for selling property belonging to the wife, in which transaction the husband acted as his wife’s agent. Both defendants answered separately. The complaint was dismissed as to the husband, and judgment was entered in his favor, granting fiim costs “conditionally, viz., to be offset against the judgment herein against Sarah P. Meade, and that no execution be issued for said costs” of the defendant’s husband.—Meld, on appeal, that the court was authorized in its discretion to impose such condition.

Costs on appeal where there are several parties

14. Matter of West Shore R. R. Co., 28 Hun, 505. Special proceeding to acquire title to lands owned by defendants. The defendants appeared and answered separately. The proceedings were finally dismissed by the court of appeals, with costs. An order was made on the remittitur, allowing costs in the supreme court to each of the defend *379 ants.—Held, on appeal, that such order was irregular. That in dismissing the proceedings with costs, it must be assumed that the court of appeals intended only one bill of costs, although the appellants appeared by different attorneys.
l5. Fischer v. Langbein, 31 Hun, 272. Plaintiff was non-suited upon the trial. Defendants having answered separately were allowed separate bills of costs. Plaintiff appealed to the General Term, and it appeared that the defendants were each represented upon the appeal by the same counsel arguing the case in their behalf. The judgment was affirmed “ with costs and disbursements of said appeal to the defendants.” Defendants presented separate bills of costs.—Held, upon appeal from an order allowing the same, that the affirmance with costs, did not mean that defendants should have separate bills of costs. As there was but one appeal, and but one notice of it served, costs of that appeal only could have been intended. The order allowing separate-bills, was therefore reversed.
16. Hauselt v. Bonner, 6 N. Y. Supp. 282. Upon an appeal a judgment was affirmed in part and reversed in part, with costs. Costs were taxed in favor of all the defendants who were successful on.the appeal in one sum by the attorney for some of them. Defendant Bonner who-was represented by another attorney, moved for and obtained an order for an additional taxation, from which order -plaintiff appealed.—Held, that such taxation was irregular. That the proper course for said defendant was to have the judgment corrected, and then to tax his-costs and enter a proper judgment.