### OLIFERS v. BELMONT et al.

·(Common Pleas of New York City and County, Special Term. May 10, 1895.)

COSTS—SEPARATE BILL TO EACH DEFENDANT.

> Where a demurrer to an entire complaint in a common-law action is sustained, the right of the defendants to costs is absolute, and all the defendants who have separate interests, and who appeared by different attorneys, are entitled to separate bills of costs.

Action by Bartolemy J. Olifers against Perry J. Belmont and others. A demurrer to the complaint was sustained (33 N. Y. Supp. 275), and defendants move to settle the decision on the order sustaining the demurrer.

Leavitt, Wood & Keith, for plaintiff.
Bowers & Sands, for defendant Belmont.
Chandler, Maxwell & Philip, for defendant Chandler.

GIEGERICH, J. Where a demurrer to an entire complaint in a common-law action is sustained, the right of the defendant to costs is absolute (Tallman v. Bernhard, 75 Hun, 30, 27 N. Y. Supp. 6); and in actions at law, where all of the defendants have succeeded upon the trial, those not united in interest, who have appeared by different attorneys, are entitled to costs of course and

as a right (Railway Co. v. Burkard, 40 Hun, 625; Lane v. Van Orden, 11 Abb. N. C. 228, 63 How. Pr. 237). I do not, therefore, think I have any power to direct that only one bill of costs be allowed. Besides, I doubt if such power ought, if it existed, to be exercised in the present case, when the defendants Belmont and Chandler appeared by separate attorneys, who both submitted elaborate briefs. While I do not consider it necessary, under the provisions of the Code of Civil Procedure relative to decisions upon demurrers, viz. sections 1010 and 1021, for the court to make separate and formal conclusions of law (2 Rum. Prac. p. 234), as distinguished from a simple statement indicating the disposition made of the demurrer, I see no objection to such a practice, although it is unusual, and accordingly sign the decisions as proposed by the respective defendants, Belmont and Chandler.