## SUPREME COURT.

ROCHE agt. WARD.

Where an *order* for service of summons and complaint, by publication, has been made on its appearing *to the satisfastion* of the justice that the necessary facts were stated, the court, at special term, should not set aside such an order for alleged irregularity, although they might think the evidence very slight upon which it was granted.

It is not the best way to administer the law.

*Brooklyn Special Term, February* 1853.

E. TERRY, *for Plaintiff.*

POWERS & TALLMADGE, *for Defendant.*

BARCULO, Justice.—The notice of motion in this case does not specify any irregularity, and therefore the defendant can not, consistent with the settled practice, avail himself of that objection to the plaintiff's proceedings. He asks to have the service of the summons and complaint set aside. In his points he contends that the affidavit on which the order for publication was granted (the defendant being a non resident), was defective in a variety of particulars. I am unable to discover any substantial insufficiency; and even if I should think that the evidence was slight as to " due diligence," or as to the defendant having property in this state, I should not feel at liberty to annul an order granted by a justice of this court, under a statute authorizing him to act on its appearing *to his satisfaction.* To encourage motions of this kind, is not the best way to administer the law, nor promote the ends of justice.

After the order of publication was made, the plaintiff caused the summons and complaint to be served personally on the defendant in Detroit, which the Code declares to be equivalent to publication and deposit in the post office (§ 135).

I do not discover any thing for the defendant to complain of, and the motion must be denied with $10 costs.