## HARDER *vs.* HARDER.

Objections on the ground of irregularities in practice, if intended to be urged, must be brought to the notice of the adverse party, to the end that he may have an opportunity to answer the same.

In disposing of a motion to set aside an inquisition taken in a case of waste, the court will not consider the objections, taken on the argument, that a writ of inquiry is not a proper remedy in a case of that kind, and that the writ issued was not in proper form ; where those objections were not taken in the moving papers.

In an action under the code, brought by a remainderman against the tenant for life, in lieu of the former action of waste, for an intentional and malicious injury to the estate and inheritance of the plaintiff, the plaintiff alleging that such injury equals the value of the defendant's estate in the premises, and praying not only for damages, but for a forfeiture of the defendant's estate, and his eviction from the premises, upon the execution of a writ of inquiry, the amount of damages is a leading subject of inquiry. Yet, although the defendant has suffered a default, the sheriff's jury are also to inquire of the waste done, and in so doing, to designate the place wasted.

In determining the amount of the plaintiff's damages, they are to inquire how far the acts of the defendant have injured the plaintiff's estate and inheritance. And in doing so, they are not limited to the value or market price of the wood and timber actually cut and removed. They may, and should, also consider the effect which the cutting off of the wood and timber has had upon the place alleged to be wasted.

The damages to the place wasted are not, necessarily and exclusively, the value of the wood and timber removed, but the solid and permanent injury to the inheritance ; the tenant for life having a right to cut wood and timber for necessary repairs, and for fuel, and to clear portions of the land for cultivation.

If, in such an action, the plaintiff fails to prove that the injury to his estate is equal to the value of the defendant's estate, he cannot have a judgment to recover the place wasted, and treble damages. An allegation to that effect, in the complaint, will not be admitted by the default of the defendant.

THE plaintiff's complaint set forth that Dennis Harder deceased was, in his lifetime, seised in fee of a farm in Chatham, in the county of Columbia ; that at his death, in 1843, he devised the use, benefit and occupancy thereof to the defendant during his life, and afterwards to the plaintiff in fee ; that the defendant took possession thereof soon after the testator's death, and had ever since occupied the same, and enjoyed the rents, issues and profits thereof ; that the defend-

ant intentionally, and with design to injure the estate and inheritance of the plaintiff in said farm, did, between 1845 and 1854, sell, cut down, and prostrate wood, timber and trees, of the value of $1500, standing and growing upon about twenty acres thereof, (describing the same,) and thereby greatly injured the estate and inheritance of the plaintiff in the same, and to an amount equal to the value of the defendant's estate in the premises. A second count alleged a similar injury to another tract of about twelve acres in another part of the farm. The plaintiff demanded judgment for the injuries aforesaid, damages to the sum of $2700, and that the defendant forfeit his estate and be evicted from the several parcels of land before mentioned, together with costs of the action. The defendant put in a demurrer to the complaint which, on argument, was overruled ; and not having availed himself of the leave granted to withdraw the demurrer, and answer, the plaintiff took judgment by default, and on notice to the defendant, obtained from this court at special term, an order "that a writ of inquiry issue to the sheriff of Columbia, commanding him to go to the places wasted, specified or mentioned in the plaintiff's complaint, and by the verdict of a jury to inquire of the waste done, and of the damages occasioned thereby." The defendant's attorneys allege that they understood the plaintiff to ask for the usual order common to all cases of assessment by a sheriff's jury, and that no draft order was shown them nor copy served until after the motion in this case was actually made. A writ of inquiry was issued in conformity to the order, under which the sheriff, with the aid of a sheriff's jury, proceeded to take testimony and make inquisition in the premises. On the taking of this inquisition the defendant appeared by counsel and made various objections to questions put by the plaintiff's counsel, and proposed various questions on his part, which were overruled by the sheriff. The defendant objected to the plaintiff's proof of the amount of wood cut ; of the value of the trees when standing on the ground ; of the increased price or expense of taking the wood to market

from the lot instead of the roadside where it was piled; of the number of saw-logs cut from the lot; of the difference in quantity of wood to the acre between the east and the west lots. The defendant's objections were overruled by the sheriff, and in some instances exceptions were taken. The defendant propounded to the witnesses these questions: Whether the land upon which the wood grew, was not worth more with the wood cut off, than with the wood standing; what it was worth to clear off the land after the wood was off; what the wood on the lot would have been worth standing, until the time of examination; whether there would have been a less quantity of wood on the lot if left uncut till then; whether the wood would not have been worth less per cord if left standing until then; whether the lot was then fenced; what it was worth to fence the lot; what was the relative value of the farm with this wood cut off and standing; whether the farm had not been improved in value by the cutting off this wood and cultivating the land; how many acres of wood were left standing upon the farm; whether the defendant had not made considerable fence on the farm; whether he had repaired and shingled the barn; whether the defendant did not use the chestnut timber for fencing. These several questions were all overruled by the sheriff, on the plaintiff's objection thereto, and the defendant in some instances excepted. The defendant offered to show, by the plaintiff's witnesses, that there were thirty acres of wood left standing on the farm, and that this was a sufficient quantity for a farm of the size in question. The plaintiff objected to the evidence, and the sheriff excluded the same. The sheriff's jury assessed the plaintiff's single damages, occasioned by the waste done, at $800. The defendant also alleged, on information and belief, that the plaintiff's father, on his behalf, procured and furnished to the jurors their dinners and other entertainment during the taking of the inquisition. This was peremptorily denied on the part of the plaintiff. The plaintiff now moved, at special term, for leave to enter judgment, that the plaintiff recover the places wasted,

described in the complaint, and treble the damages found by the jury of inquiry, besides costs of the action. The defendant opposed the applications, and made upon affidavits a counter motion "that the inquisition made and returned by the sheriff of Columbia county be set aside, and for such other or further order as to the court may appear proper." These affidavits set forth simply the proceedings on taking the inquisition and the fact of entertainment furnished to the jurors.

*A. Bingham,* for the defendant.

*A. Hough,* for the plaintiff.

HOGEBOOM, J. In disposing of the motion to set aside the inquisition, I do not propose to consider the objection, taken on the argument, that a writ of inquiry in a case of this kind was not a proper remedy, nor that it was not in proper form. These objections are not taken in the moving papers, either in the affidavits or notice of motion, and I regard it as a very salutary as well as a well established rule, that irregularities complained of must be brought to the notice of the adverse party, to the end that he may have an opportunity to answer the same. This is indeed one of the standing rules of the court. (*Rule* 25. *Roche* v. *Ward,* 7 *How. Pr. Rep.* 416. *Mann* v. *Brooks, Id.* 457. *Baxter* v. *Arnold,* 9 *id.* 445. *Bowman* v. *Sheldon,* 5 *Sandf.* 660.)

Nor do I propose to consider the question whether this application for relief on the merits is made in precisely the right shape in other respects. A special non-enumerated term seems scarcely the proper place for disposing of questions of testimony affecting the merits of the action; nor does it seem to me that the matter should be presented on conflicting affidavits, throwing upon the court the necessity of deciding what proceedings on the merits in fact took place before the sheriff's jury, as well as deciding upon the legal propriety of them. The case is, or should be, I think, a calendar cause, brought up

on facts previously settled.    But as no objection was taken on this ground, and the practice does not appear to be very well established, and the motion was in fact made at a special term proper where the cause might have been and perhaps was upon the calendar, I shall examine the case on its merits.

The technical action of *waste* is abolished, and an action according to the forms of pleading provided for by the code substituted in lieu thereof.  (*Code*, § 450.)  This substituted action, I think, the plaintiff intended to institute.    The gist of the complaint is for intentional and malicious injury to the estate and inheritance of the plaintiff, and the allegation is, of great injury to the plaintiff's estate and inheritance, and that such injury equalled the value of the defendant's estate in the premises; and the judgment sought is not simply damages, but a forfeiture of the defendant's estate, and his eviction from the premises.    The writ of inquiry commands the sheriff to go to the places *wasted* and inquire of the *waste* done, and of the damages occasioned thereby.    The plaintiff's notice of motion upon the inquisition returned is for judgment that the plaintiff recover the places wasted and treble damages, besides the costs of the action.    The pleader has evidently sought to bring the case within the operation of sections 450, 451 and 452 of the code, and to obtain the benefit of the stringent remedies which were heretofore authorized in an action of waste.    (2 *R. S.* 334, 335.)

It becomes therefore a very appropriate inquiry in ascertaining the damages which the plaintiff has sustained, what amount of *waste* has been committed; for the jury are " to inquire of the *waste done,*" and of course of its nature and extent, " and of the damages *occasioned thereby.*"    The *amount* of damages is a leading if not the exclusive subject of inquiry, although I think, notwithstanding the defendant has suffered a default, the sheriff's jury are also to inquire of the waste done, and in so doing to designate the place wasted. Now in determining the plaintiff's damages, they must necessarily inquire how far the acts of the defendant have injured

the plaintiff's estate and inheritance; for such are the allega-
tions in the complaint, and such is the proper inquiry in ascer-
taining what is waste.   (*Kidd* v. *Denniston,* 6 *Barb.* 9.)   In
prosecuting that inquiry, they are not limited to the value or
market price of the wood and timber actually cut and removed.
That may be, and probably is, a legitimate subject for the jury
to consider; but I think they may and should also consider
the effect which the cutting off of the wood and timber has
had upon the place alleged to be wasted, and perhaps upon
the residue of the farm.   For, the relief which the plaintiff
seeks is, not only the forfeiture of the defendant's estate, and
his eviction from the premises, but *treble* the damages occa-
sioned by the waste done.   Occasioned to what? to whom?
Occasioned to the plaintiff as the owner of the entire premises;
occasioned by the defendant as the occupant of the entire
premises and having a right to the *use, benefit* and occupancy
of the same during his life.   The *damages* to the *place wasted*
are not necessarily and exclusively the value of the wood and
timber removed, but the solid and permanent injury to the
inheritance.   It is very clear that the owner of the life estate
may cut wood and timber for the necessary reparation of the
fences, buildings and erections upon the farm, and for fuel;
and it is held that he may clear so much of the land from
wood as shall be necessary or judicious, in the exercise of good
husbandry, to adapt it for cultivation and other agricultural
purposes.   (2 *R. S.* 336, 7.   *Kidd* v. *Dennison,* 6 *Barb.* 9.
*Livingston* v. *Reynolds,* 26 *Wend.* 115.   2 *Hill,* 157.)

If this view of the case be correct, then several of the ques-
tions propounded by the defendant's counsel were improperly
overruled; especially such as related to the comparative value
of the land with the wood on, or the wood off; whether the
wood would not have depreciated in value if it had been per-
mitted to stand; how many acres of wood land were left stand-
ing on the farm; whether the defendant had not devoted a
considerable quantity of the wood or timber to the reparation
of the buildings and fences on the farm.   These and other

Harder *v.* Harder

questions seem to me to have been improperly overruled, because they were proper and important subjects for the consideration of the jury in fixing their estimate of damages. It is not essential to decide that they were vital or conclusive: they were not so—but they were legitimate and material. The plaintiff's counsel seems to have tried the case in the same way as if the jury were assembled simply to assess the value of the wood and timber cut and removed. The case is not one of that character. The errors above referred to may be fairly concluded to have had a material bearing on the final result. And therefore, without determining whether the same strict rules ought to apply before a sheriff's jury as on an ordinary trial, in regard to the effect of the rejection of competent testimony, the inquisition should be set aside, to the end that these errors may be avoided on a rehearing.

This being so, the plaintiff's motion for judgment to recover the place wasted, and treble damages, ought not to be granted. It is unnecessary, therefore, to discuss in detail the defendant's objections to the confirmation of the inquisition and judgment thereon. It may not be improper, perhaps, to say, that if there were no other objections to such a judgment, the omission to establish that the injury to the plaintiff's estate is equal to the value of the defendant's estate, or unoccupied term, seems to present an insuperable objection to granting the judgment asked for. (*Code*, § 452.) I do not think this allegation in the plaintiff's complaint is admitted by the default.

The motion to set aside the inquisition must be granted; the motion for judgment must be denied; each with costs to abide the event.

[ALBANY SPECIAL TERM, January 11, 1858. *Hogeboom*, Justice.]