CHARLES H. GREENLEAF et al., Respondents, *v.* THE BROOKLYN, FLATBUSH AND CONEY ISLAND RAILROAD et al., Appellants.

A defendant against whom an inquest has been taken by default may not obtain relief from the judgment by motion to set aside the inquest because of insufficiency of the evidence to sustain the findings, at least where there is any evidence to sustain them; he should appear and raise the question on the taking of the inquest, and upon decision against him except to the ruling, and then on appeal from the judgment, the question may be presented.

Assuming such a question may properly be raised on motion to set aside the inquest, it is within the discretion of the General Term to affirm or reverse an order denying the motion, and its determination is not reviewable here.

(Argued March 16, 1886 ; decided March 26, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, made September 30, 1885, which affirmed an order of Special Term, denying a motion to set aside a judgment entered herein upon an inquest.

This was an action of ejectment. The defendant did not appear on trial, and an inquest was taken.

The motion to set aside the judgment was made on the ground that the evidence was insufficient to sustain it.

*William C. De Witt* for appellants. The motion to set aside the judgment because founded upon insufficient proof was the proper mode of procedure. (*Flake* v. *Van Wagenen*, 54 N. Y. 25; Bliss' Code, §§ 1282, 1294; *Innis* v. *Purcell*, 58 N. Y. 388, 390.) Under the Code the judgment, although had upon inquest, cannot be upheld in the absence of proof of seizin or possession by the plaintiff or his grantors. (Code, §§ 365, 368; *Haines* v. *Davies*, 6 How. 118.)

*Mornay Williams* for respondents. The order of the General Term is not appealable. The court below has control over its own judgments, and a motion to vacate is addressed to the discretion of the court and is not the subject of appeal. (*Granger* v. *Craig*, 85 N. Y. 619; *Watrous* v. *Kearney*, 79 id. 496; *Lawrence* v. *Farley*, 73 id. 187; *Marvin* v. *Universal L. Ins. Co.*, 85 id. 278; *Direct U. S. Cable Co.* v. *Dominion Tel. Co.*, 84 id. 153; *Snebly* v. *Connors*, 78 id. 218; *Noyes* v. *Children's Aid Soc.*, 70 id. 481; *Bryce* v. *Lorillard F. Ins. Co.*, 55 id. 240, 242; *Sheldon* v. *Sheldon*, 51 id. 354; *Smith* v. *Peter*, 70 id. 13.) Defendants, if dissatisfied with the judgment, should have appealed from it directly on exceptions taken to the findings. (Code, §§ 994, 1282, 1283, 1346; *Dana* v. *Howe*, 13 N. Y. 306; *Meyer* v. *Appel*, 2 Sweeney, 729; *Hallgarten* v. *Eckert*, 1 Hun, 117; *Haines* v. *Davis*, 6 How. 118; *Flake* v. *Van Wagenen*, 54 N. Y. 25.)

MILLER, J. We think that the motion made at Special Term to set aside the inquest was properly denied. Motions of this kind are usually made on the ground of irregularity, or

for some valid excuse in allowing the default to be ·taken, and in case there is any evidence whatever to support the findings, the court will not set aside the inquest. The practice is well settled that a party, in order to avail himself of any objection to any proceeding upon the trial, should appear and raise the question before the judge, and, upon a decision against him, except to the ruling made.

We have held in a very recent case that upon a trial before a judge, where the defendant claims there was no evidence to sustain the decision made against him, he should present the question and take an exception to the ruling had. Applying this rule to the case considered, it is difficult to see how the defendants here could obtain any relief by a motion to set aside the inquest. Their remedy was to appear upon the trial, make the proper objection, and take an exception to the ruling of the court; if adverse to their claim. Upon appeal from the judgment the questions raised on the trial could then be presented and determined.

In this case exceptions were taken to the findings of the court, and the defendants could either have appealed or taken a new trial under the statute upon payment of costs. As they clearly had the latter remedy, it is not important to determine whether the right to appeal existed.

Assuming, however, that the motion was properly made, as an appeal to the General Term was taken from the order denying the motion, it was a matter of discretion with the General Term to determine whether the order should be affirmed or reversed, and it having exercised that discretion, no appeal lies to this court.

The appeal should be dismissed.

All concur, RUGER, Ch. J., and EARL, J., in result.

Appeal dismissed.