## ROBINSON *v.* CORNISH.

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

REVIEW ON APPEAL—DISCRETIONARY ORDERS.

Orders made pursuant to Code Civil Proc. N. Y. §§ 870–873, in reference to the examination of parties and witnesses before trial, being discretionary, such an order of the city court of New York is not reviewable on appeal to the court of common pleas, where it does not appear to have been made on any ground of law not involving discretion.

Appeal from city court, general term.

Action by Sophie Robinson against George H. Cornish. Defendant appeals.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*James A. Thompson,* for the motion.  *Fromme Bros.,* opposed.

ALLEN, P. J.   Motion to dismiss an appeal from an order of the general term of the city court affirming an order of the special term of that court denying a motion to vacate an order for the examination of a witness about to depart from the state.   The order appealed from is not reviewable by this court. Orders made pursuant to the Code of Civil Procedure, §§ 870–873, in reference to the examination of parties and witnesses before trial, are discretionary orders.  *Jenkins* v. *Putnam,* 106 N. Y. 272, 12 N. E. Rep. 613.   This court holds the same position with respect to the city court that the court of appeals holds with respect to the supreme court and the superior city courts. *McEteere* v. *Little,* 8 Daly, 167; *Walsh* v. *Schulz,* 6 Civil Proc. R. 126.   The case of *Lawrence* v. *Farley,* 73 N. Y. 187, and many subsequent cases, have conclusively established that the court of appeals will not review the discretion of a court of original jurisdiction.   In *Jenkins* v. *Putnam,* 106 N. Y. 276, 12 N. E. Rep. 613, where the appeal was from an order vacating an order for the examination of the plaintiff as a witness before trial, the learned court said: "It was one of those matters of practice and procedure which should always be left to the discretion of a court of original jurisdiction, and its decision should not be reviewed here unless it appears from its order that the decision was placed upon some ground of law not involving discretion." Following the course taken by the court of appeals, it has been invariably held by this court that it will not review discretionary orders of the city court. *Walsh* v. *Schulz, supra.*   It does not appear in the case before us that the decision of the city court was placed upon any ground of law not involving discretion, and the appeal must therefore be dismissed, with costs.   All concur.