### JUDSON *v.* O'CONNELL *et al.*

*(Supreme Court, General Term, Fifth Department. April 16, 1891.)*

MORTGAGES—OPENING FORECLOSURE SALE—APPEALABLE ORDER.

Mortgaged premises were sold by the referee in foreclosure proceedings subject to another mortgage, on which there was stated to be due $2,400. The purchaser refused to complete his bid, on the ground that immediately thereafter he had discovered that there was a mortgage for $8,000 on the premises undischarged of record, and that he did not have time to ascertain the *status* of the mortgage. The referee on the same day resold the premises to another purchaser for a less price. It appeared that only $2,400 was unpaid on the mortgage, as stated by the referee. *Held*, that it was discretionary with the court to refuse to vacate the second sale, and permit the first purchaser to complete his bid, and such refusal was not appealable.

Appeal from Monroe county court.

Action by Junius Judson against Mary A. O'Connell, individually and as executrix of the will of Ann Buckley, and others. The court refused to order a resale of the premises, and defendants appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. Martin Jones*, for appellants. *James M. E. O'Grady*, for respondent.

CORLETT, J. In 1887 an action was commenced in the Monroe county court to foreclose a mortgage covering premises in the city of Rochester. Such proceedings were had that in November, 1887, judgment was obtained, and the mortgaged premises were directed to be sold by George H. Humphrey, as referee. He advertised the premises for sale, and on the 27th day of December, 1889, they were sold and bid off by one Samuel D. Purdy for $4,000, subject to a mortgage upon which there was unpaid $2,400, and also subject to taxes. It was discovered by the purchaser immediately after his bid that there was a mortgage of $8,000 on the premises undischarged of record. He declined to consummate the sale for want of time to ascertain the *status* of that mortgage, and the referee sold on the same day for $2,650. The purchasers on the resale paid the amount bid to the referee, and received a deed

of the premises, and the next day paid the taxes and the amount due upon the prior mortgage. It appeared that there was in fact only due upon the mortgage the amount stated by the referee at the sale. On the 31st day of December, 1889, an order to show cause why the sale should not be set aside and Purdy allowed to perfect his bid was granted by the county judge of Monroe county. Such proceedings were had that on the 6th day of January, 1890, a referee was appointed to take proofs upon certain conditions specified in the order, which were not complied with. A hearing was had before the county court without the report of a referee, and the order to show cause was dismissed. On the 20th day of January, 1890, the referee made his report of sale to the county court. On the 2d of April of the same year the county judge appointed a referee to take depositions to be used on a motion to open the sale, which resulted in no adjudication, and finally in December, 1890, an order was obtained to show cause why the sale should not be vacated, and Purdy permitted to complete his purchase. On the 24th day of December the motion was denied. From that order, including its incidents, the appellants appealed to this court. The order was discretionary, and, having been made by a county court, was not appealable to this court. *Kingsland* v. *Bartlett,* 28 Barb. 480; *White* v. *Coulter,* 1 Hun, 357; *Bank* v. *Newton,* 23 N. Y. 160; *Wollung* v. *Aiken,* 6 N. Y. Supp. 331; *Townsend* v. *Tolhurst,* 10 N. Y. Supp. 378; section 1342, Code Civil Proc.; *Thomas* v. *Keeler,* 5 N. Y. Supp. 359; *Myers* v. *Riley,* 36 Hun, 20. An examination of the case at bar upon the merits fails to show errors on the part of the county court which would authorize a reversal. It is true that the second sale was for $1,350 less than the first purchase. But it appears that there were numerous bidders at the second sale. There is no claim of irregularity, and the county judge seems to have granted every facility to the persons claiming to be aggrieved to obtain a resale. It is not shown that the referee acted improperly at the sale, or that the conditions imposed by the county court were unreasonable. The delays preceding the granting of the order appealed from were very great, and no substantial reason appears which would authorize a reversal. Aside from this, the cases above cited, including the adjudications in this department, are decisive against the appellants' contention. It follows that the order appealed from must be affirmed. All concur.