Pryor, J.
The record shows that when the action was called for trial the defendant failed to appear, and that thereupon his default was entered, and judgment rendered against him upon an assessment of damages.
No appeal lies from a judgment by default. The only office of an appellate tribunal is to review the determinations of the primary jurisdiction ; and since a judgment by default involves no adjudication upon the issues in controversy, it follows that nothing is presented for revision by the court above (Flake v. Van Wagenen, 54 N. Y. 25, 28 ; Innes v. Purcell, 58 Id. 388; Maltby v. Green, 3 Abb. Ct. App. Dec. 144). Ajudgment of affirmance by defáúlt is not an actual determination (Stevens v. Glover, 83 N. Y. 611; McMahon v. Rauhr, 47 Id. 67). By express provision of the Code (§ 1294), a judgment by default is excepted from the privilege of appeal. Thus reason, authority and statutory. enactment, concur to the point that the appeal from the judgment must be dismissed, for lack of jurisdiction to entertain it.
As to the order upon appeal: It appears that when the plaintiff moved the cause for trial, the defendant asked an adjournment because of the absence of an alleged material witness. The request for the adjournment being opposed was denied by the trial judge ; thereupon, defendants’ counsel withdrew from the litigation, and an inquest of damages was taken by the jury. Afterward, the defendant moved at Special Term of the.court below to open the default and vacate the judgment; upon opposing affidavits the application was denied ; on appeal from the order of denial it was affirmed by the General Term, and from that order of affirmance an appeal is prosecuted to this court. The question is: Have we jurisdiction to entertain the appeal ?
*431 The argument of appellant imports that an order refusing to open a default affects a substantial right, and so is within the terms of the statute defining the appellate jurisdiction of the common pleas over the orders of the city court (Code Civ. Pro. § 3191, sub. 3). But the reasoning is vitiated by a fatal fallacy, namely, in assuming that an order, denying a motion to open a default, affects a “substantial right.” In the sense of this provision of the Code, a substantial right is a strict legal right, enforceable as such, and not resting at all in the discretion of the court (De Barante v. Deyermand, 41 N. Y. 355 ; Foote v. Lathrop, Id. 358, 361 ; Martin v. Windsor Hotel Co., 70 Id. 101, 103). Hence the “universal rule that an order embodying a determination of the court below, which is the result of the exercise of a discretion vested in that court, will not be reviewed in the court of appeals, although it affects a substantial right ” (Baylies New Tr. 217 et seq.; Anonymous, 59 N. Y. 313, 315 ; Smith v. Platt, 96 Id. 635-6; Witkowski v. Paramore, 93 Id. 467; Clyde v. Rogers, 87 Id. 625 ; Lawrence v. Farley, 73 Id. 187; Jenkins v. Putnam, 106 Id. 272). The appellate jurisdiction of this court over the determinations of the city court being exactly commensurate with the jurisdiction of the court of appeals over its subordinate tribunals, it results that we have no authority to review a discretionary order of the city court (Robinson v. Cornish, 12 N. Y. Supp. 929, G. T. Com. Pleas ; McEteere v. Little, 8 Daly, 167 ; Walsh v. Schulz. 12 Id. 103; Matter of Adler, 60 Hun, 481, 483). But, whether a default should be opened is a question of judicial discretion, and an exercise of that discretion by the city court is not reviewable by us (Traitteur v. Levingston, 13 N. Y. Supp. 603 ; Miller v. Tyler, 58 N. Y. 477, 480; Walsh v. Schulz, 12 Daly, 103; Wakefield v. Am. etc. Co., 13 Daly, 349; Robinson v. Cornish, supra ; Judson v. O’Connell, 14 N. Y. Supp. 92 ; Clute v. Mahon, 9 Id. 713 ; Depew v. Dewey, 56 N. Y. 657 ; Ferris v. Ferris, Id. 614; Smith v. Belden, 60 Id. 642 ; Davis v. Borst, 58 Id. *432 669 ; Wade v. De Leyer, 63 Id. 318 ; Matter of Loew, 90 Id. 666; Stevens v. Glover, 83 Id. 611).
The defendant suffered default because of the refusal of the trial court to allow an adjournment; but orders of adjournment are discretionary (Borley v. Wheeler & Wilson S. M. Co., 12 N. Y. Supp. 45), and hence are not appealable to us from the city court (Cases supra). Nevertheless, we have examined the papers on the motion for adjournment sufficiently to enable us to say, without hesitation, that in denying the motion the court committed no-abuse of discretion. The application for postponement went upon the ground of the absence of an alleged material witness. But, the witness had not been subpoenaed, nor had any effort been made to subpoena him or otherwise to procure his attendance. For this defect alone, the applica-. tion was properly denied (Brooklyn Oil Works v. Brown, 7 Abb. Pr. [N. S.] 382). But on reading the record we perceive that the adjournment might well have been refused, also on the more substantial ground of justice.
The appeal from the order must be dismissed.
Appeals dismissed with costs.
Bookstaver, P. J., and BISCHOFF, J., concurred.
Note on the practice as to inquests, and inquisitions to ASSESS DAMAGES AT LAW, AND REFERENCES FOR THE LIKE PURPOSE IN EQUITY.
I. Actions of a legal nature.
II. in Equity.
I. Actions of a legal nature.
Place of applying. Under Rule 26, of 1888, application for judgment on failure to answer, and for a writ of inquiry, must be made at circuit in the county of the action, or at special term in the district, or, except in the first district, an adjoining county. Reference or inquisition must be executed within the county of the action unless the court otherwise direct.
Postponement. Inability of defendant to be present at the inquisition is not necessarily ground for postponing the assessment, *433 unless if present he could give evidence of facts (denied by plaintiff) legitimate to mitigate damages. Samuels v. Bryant, 14 Abb. Pr. (N. S.) 442.
Compare, however, Garfield Nat. Bk. v. Colwell, 28 State Rep. 723; s. c., 8 N. Y. Supp. 380, as to the right of a party to postponement of trial in order that he may be present.
Inquiry as to cause of action. In waste it has been held that the sheriff’s jury are to inquire not only of the damages, but also of the waste done, and to designate the place wasted. Harder v. Harder, 26 Barb. 409.
A default in an action for assault and battery admits nothing more than nominal damages, unless plaintiff proves the assault alleged in the declaration, and its commission by defendant,—for the default admits only traversable allegations, and does not admit the specific day, nor matter of aggravation. Bates v. Loomis, 5 Wend. 134.
[Later authorities hold rather that the facts constituting the cause of action and showing the liability of defendant, are admitted, and proof of substantial damages only is necessary.]
The default admits the tort charged, and everything essential to establish plaintiff’s right to recover nominal damages, leaving only the amount to be determined. Foster v. Smith, 10 Wend, 377, Confirmed by Bossout v. Rome, etc. R. Co., 131 N. Y. 37.
Evidence as to the merits inadmissible in defense. Evidence to negative the existence of a cause of action is not admissible upon an inquisition, even in mitigation of damages, for this would allow matter in justification to be proved for the purpose of reducing the recovery to nominal damages. Foster v. Smith, 10 Wend. 377.
So, in-an action on .contract set out in the declaration, no evidence which goes to deny the existence of the contract or tends to-avoid it is received. Id.
But evidence which can only have the effect of mitigating damages, such as testimony showing that some specific items of damage claimed were incurred by plaintiff’s contributory negligence, was held admissible. Havens v. Hartford & N. H. R. Co., 28 Conn. 69.
Defendant may call his own witness. On the assessment of damages whether at circuit or before sheriff’s jury, defendant is not restricted to cross-examining plaintiff’s witnesses, but may call his own witnesses to prove matter properly going to mitigate damages. Gilbert v. Rounds, 14 How. Pr. 46.
It is error to exclude questions, put on the part of defendant, *434 calling for legitimate and material evidence as to the amount of damages. Harder v. Harder, 26 Barb. 409.
Special damage. Allegations of special damage are not admitted even by order for judgment absolute ; but the amount at least must be proved. Thompson v. Lumley, 7 Daly, 74.
In waste, the allegation that the injury to plaintiff's estate is equal to the value of defendant’s estate for unexpired term, is not admitted by the default. Harder v. Harder, 26 Barb. 409.
Punitive damages for loss of reputation and mental suffering in actions for injury to reputation, caused by mal pros, may be allowed by jury without proof of amount or facts, etc. Thompson v. Lumley, 7 Daly, 74.
But if plaintiff calls witnesses to prove them, defendant may call witnesses to disprove, but not to prove what would amount to a substantial defense. Ib.
Motion to set aside; appeal. If defendant is allowed to give evidence against objection and exception which has no legitimate bearing in mitigation, the inquisition made should be set aside on motion. Mankleton v. Lilly, 3 N. Y. St. Rep. 421.
In the case of an inquisition taken before a jury merely to ascertain the damages to be found in order to render effectual an absolute judgment already had, there is no remedy by direct appeal nor upon exceptions, nor it seems by motion, “ on the judges minutes,’’ but the remedy is to move at Special Term to set aside the inquisition, and this motion is addressed to the discretion of the court, the exercise of which is reviewable by appeal to the General Term ; but no appeal lies to the court of appeals. Bossout v. Rome, Watertown, etc. R. Co., 131 N. Y. 37; s. c., 42 State Rep. 391.
It seems that a motion to set aside an inquisition on conflicting evidence as to what took place before the sheriff’s jury, is an enumérated motion. Harder v. Harder, 26 Barb. 409, 412 ; compare Rule 38, and 1 Abb. New Pr. & F. 103.
If there is any evidence whatever to support the findings on an inquest taken in the absence of defendant at the circuit, the remedy is not to move to set aside the inquisition for insufficiency ; defendant should have appeared and excepted to the rulings, and raised the question on appeal from the judgment. Greenleaf v. Brooklyn, Flatbush and Coney Isl. R. C., 102 N. Y. 96.
If there is no evidence, the remedy is by motion to set aside the judgment, and not by appeal. Greenleaf v. Brooklyn, Flatbush & Coney Isl. R. Co., 37 Hun, 435 ; aff’d 102 N. Y. 96.
*435 Directing new inquisition. On setting aside an inquisition, on motion, the court may direct the assessment to be made at circuit and the General Term, on reversing on appeal an order refusing 'to set aside an inquisition, may give the like direction. Mankleton v. Lilly, 3 N. Y. St. Rep. 421.
II.. In equity.
The practice, in chancery, is preserved by the Code, except as modified by our statutes. Code Civ. Pro. §§ 217, 827.
It is fully stated in Hopk. 471, Williams v. Corwin ; and in Thomson v. Wooster, 114 U. S. 104. As to review, see, also, Ohio Centr. R. R. Co. v. Centr. Tr. Co., 133 U. S. 83.