(16 Misc. Rep. 6.)

KREIZER v. ALLAIRE.

SAME v. ALLAIRE et al.

(Supreme Court, Appellate Term, First Department. February 26, 1896.)

CITY COURT — REVIEW BY SUPREME COURT — VACATING ORDER OF ARREST — RECORD.

An order of the general term of the New York city court affirming an order of the special term vacating an order of arrest cannot be reviewed by the appellate term of the supreme court unless the order appealed from shows that the special term order was sustained on the ground that there was no power to grant the order of arrest; and the presumption that the order of affirmance was in the exercise of discretion cannot be overcome by anything in the opinion of the court.

Appeal from city court of New York, general term.

Two actions,—one by Bernard Kreizer against John T. Allaire; the other by the same plaintiff against the same defendant and another. From orders of the general term (35 N. Y. Supp. 1110, mem.) affirming orders of the special term granting motions to vacate orders of arrest in each of said actions, plaintiff appeals. Appeal dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Fromme Bros., for appellant.
C. H. Benn, for respondents.

McADAM, J. The position of this court with respect to the city court is the same as that occupied by the court of appeals in regard to this court; and the rules that govern the court of appeals in passing upon appeals from the supreme court are applicable to matters coming before this term. McEteere v. Little, 8 Daly, 167, 7 Abb. N. C. 374; Walsh v. Schulz, 12 Daly, 103; Keller v. Feldman (Com. Pl.) 21 N. Y. Supp. 581. The same reason that prevents the court of appeals from reviewing matters resting in the discretion of other courts applies with full force to appeals brought to this court from discretionary orders of the city court. Id. The decision of the special term of the city court upon the motions in question was reviewable by the general term of that court; but the orders vacating the orders of arrest are not appealable to this court unless they show they were vacated for want of power. Allen v. Meyer, 73 N. Y. 1; Williams v. Telegraph Co., 93 N. Y. 640; Brooks v. Construction Co., Id. 647; Hudson River Tel. Co. v. Watervliet Turnpike & R. Co., 121 N. Y. 397, 24 N. E. 832. Unless the contrary appears in the orders appealed from, it must be assumed they were made by the city court in the exercise of its discretion. Clarke v. Lourie, 82 N. Y. 580. The opinion of the court below cannot be resorted to for the determination of the ground on which it acted in reaching its decision. Clarke v. Lourie, supra; Dibble v. Dimick, 143 N. Y., at pages 554, 555, 38 N. E. 724. If the general term had incorporated in its orders that the decision of the special term judge was sustained by it on the ground that the action was not maintainable, a question of law would have been raised which might be reviewed here. Anderson v. Anderson, 112 N. Y., at page 106, 19 N. E. 427; Birdge v. Bridge Co., 133 N. Y.

477, 31 N. E. 609.   But the orders contain no such recital, nor do they refer to and make the opinion part of the record, as was done in Tolman v. Railroad Co., 92 N. Y. 353.   As the record comes before us, it merely discloses the exercise of a lawful discretion by the city court, and the appeals must therefore be dismissed, with costs.   All concur.