(5 App. Div. 283.)

### In re PEEKAMOSE FISHING CLUB'S TRUSTEES.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

APPEAL—ORDER ENTERED BY DEFAULT.

An order which recites that no one appeared on behalf of one of the parties, and that the motion was then decided after hearing counsel for the other party, is an order granted on default, from which, under Code Civ. Proc. § 1294, no appeal can be taken.

Appeal from special term, New York county.

Application by the trustees of the Peekamose Fishing Club for dissolution. From an order overruling the report of the referee confirming the report and dissolving the corporation, and from an order resettling the order above mentioned, some of the parties appeal. Dismissed.

Argued before BARRETT, RUMSEY, WILLIAMS, and INGRAHAM, JJ.

George H. Hart, for appellant Dinmock.
J. Alexander Koones, for appellant Whiton.
David McClure, for respondent.

---

(5 App. Div. 284.)

### In re PEEKAMOSE FISHING CLUB'S TRUSTEES.

(Supreme Court, Appellate Division, First Department. May 15, 1896.)

OPENING DEFAULT—WHEN DENIED.

An order entered by default on the hearing of a motion will not be opened at the instance of the party by whom the motion was made, where the only excuse given is that he supposed other parties would ask for an adjournment, and he could safely disregard the order setting the motion

for hearing, and that he had other pressing engagements on that day, but without stating what his engagements were.

Appeal from special term, New York county.

Application by the trustees of the Peekamose Fishing Club for dissolution. From an order denying a motion to open the default some of the parties appeal. Affirmed.

Argued before BARRETT, RUMSEY, WILLIAMS, PATTERSON, and INGRAHAM, JJ.

George H. Hart, for appellant Dinmock.

J. Alexander Koones, for appellant Whiton.

David McClure, for respondent.

INGRAHAM, J. This is an appeal from an order entered on the 15th day of January, 1896, denying a motion made by the appellants to open the default of the respondent Edward N. Whiton, taken on the 23d of October, 1895, and to set aside the said order entered therein on October 25, 1895, the order resettling said order made November 6, 1895, and directing or allowing a hearing on said motions to dismiss this proceeding, or why the respondent should not have such other and further relief as is equitable and just. There has been presented on this appeal a record containing over 600 printed pages, consisting of all the proceedings before the referee and of all the proceedings in this matter from its beginning; and this upon an appeal from an order refusing to open a default taken against the appellant upon a motion by him to dismiss the proceedings. This proceeding is for the voluntary dissolution of a corporation, the property of the corporation having been stated to be of the value of less than $1,500. A referee was appointed to take proof of the facts stated in the petition, and he made his report, which was duly filed. Some time after that report was filed the appellants, who had opposed the dissolution of the corporation, obtained an order to show cause why a final hearing should not be had, and a final order made herein dismissing this proceeding, and denying the order for the dissolution of the corporation, or for such other or further relief in the premises as the court may deem equitable and just. That motion came on to be heard, and upon the request of the moving party it was adjourned from time to time until the 23d day of October, 1893, the last adjournment having been a peremptory one, the motion to be disposed of then. On that day a further application for an adjournment was made, which was denied, and the argument directed to proceed upon the appellant's motion, whereupon the counsel who applied for the adjournment withdrew, and the order of the 25th day of October, 1895, was entered on the default of the appellants. The motion, as before stated, was to bring on the proceeding for argument, and for a final order dismissing the proceeding, but, instead of taking simply an order denying that motion, the respondent proceeded to enter a final order by default, granting the relief prayed for, and dissolving the corporation. Whether or not this order was unauthorized is not before us on this appeal. No formal application on the petitioner's

part had been noticed at that time for a confirmation of the report or for the final order dissolving the corporation. Without considering here the question whether that notice was necessary to enable the court to make such an order, still the order which was made, being ex parte, could only be set aside by a direct motion to vacate it upon the ground that it was made ex parte, and without notice to the appellants; and no such motion was made. Subsequently, and on the 14th day of November, the appellant Whiton obtained an order to show cause why an order should not be made opening the default of the respondent Edward N. Whiton, taken on the 23d day of October, 1895, and setting aside the order entered on October 25, 1895, and the order resettling the order made on November 6, 1895, and directing or allowing a hearing upon the motion made to dismiss this proceeding, and why such further relief should not be granted. This motion came on before the special term, and by an order entered on the 15th day of January, 1896, was denied. This motion was not based upon any irregularity, but was simply to open a default taken against the appellant Whiton; and the petitioner and the other respondents who had appeared were required to show cause why an order should not be granted opening the default of the respondent Whiton, taken on the 23d of October, 1895, and setting aside the order entered on October 25, 1895, and the order resettling the order of November 6, 1895, and directing or allowing a hearing upon said motion to dismiss this proceeding, as stated in the order to show cause. This was based upon a motion of the appellant Whiton's attorney, by which he excused his default upon the ground that he had understood that Mr. Hart, who was counsel for the other appellants, was sick, "and would cause an application for an adjournment on behalf of his clients to be made, and that, of course, it would be granted; and, as deponent had other pressing engagements, deponent did not attend on said adjournment day." And the affidavit further stated "that deponent desires to be heard upon the motion to dismiss for the want of prosecution, as in his opinion this step taken by the petitioner is another of the many taken by them to hinder, delay and impede this proceeding." No motion was made on behalf of the other respondents to set aside the order, or to open the default, and this appeal is only from the order denying the motion made by Whiton. There is absolutely no excuse presented in the papers why Whiton should not have been present, and prepared to argue this motion. He had made the motion and obtained the order to show cause returnable September 6, 1895. The proceeding had been subsequently adjourned, until it was set down to be heard on October 23, 1895, peremptorily. He was the moving party, and upon the order of the court that the motion should be argued peremptorily on that day he was bound to be present. He says that he had pressing engagements, but what they were is not stated. It is not alleged that they were in court, and he assumed, because he was told that other parties to the proceeding would ask for an adjournment, that he could safely disregard the order of the court as to his own motion, and not appear, when he had been expressly ordered to proceed to make his motion. We

are not dealing with Mr. Hart's inability to be present, as he does not make the motion to open this default. In fact, as he was not the moving party, and had not joined in the motion, and as the motion was denied, it is difficult to see how his absence could be very material. There is nothing to justify us in opening this default, and we think the learned judge below was right in holding that on the papers before him no case was presented that justified a granting of Whiton's motion. As before stated, this is the only question presented upon this appeal. The question of irregularity is not here.

The order appealed from is therefore affirmed, with $10 costs and disbursements. All concur.

