(22 Misc. Rep. 323.)

### WOLF v. DI LORENZO et al.

(Supreme Court, Appellate Term. January 17, 1898.)

1. **ACTION FOR PRICE—EVIDENCE.**

    Where a vender of goods, under a written contract of conditional sale, draws up and delivers to the vendee at the same time a memorandum of the transaction, constituting a substantial, but not exact, duplicate of the written agreement, it is admissible in evidence on behalf of the vendee, in an action against him to recover the agreed price, as a part of the res gestæ.

2. **CONDITIONAL SALE—MODIFICATION.**

    Where goods which have been sold conditionally are destroyed by fire before title has passed to the vendee, the parties cannot then, by a new agreement, change the transaction into an absolute sale, as there was then no subject of sale.

3. **BILLS OF COSTS—SEPARATE DEFENDANTS.**

    Successful defendants, who have interposed separate answers and have separately appeared, may insist that their several bills of costs be taxed by the clerk, as of course; and the plaintiff, if contesting the taxation, must sustain the burden of showing that the defendants' interests were identical, and that the severance was collusive.

4. **APPEALABLE ORDER—RETAXATION OF COSTS.**

    Where a motion in the city court for retaxation of costs proceeds upon a question of fact, calling for the exercise of discretion by the court below, the resulting order is not appealable to the appellate term of the supreme court.

Appeal from city court of New York, general term.

Action by Pauline Wolf against Gregorio Di Lorenzo and Johanna Di Lorenzo. From the judgment of the general term (47 N. Y. Supp. 719), affirming a judgment on a verdict in plaintiff's favor on the second cause of action alleged, after dismissal of the complaint as to the first cause of action, and from the affirmance of an order denying plaintiff's motion for retaxation of costs, she appeals. Affirmed on first appeal. Second appeal dismissed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George W. Glaze, for appellant.
Leopold Leo, for respondent Gregorio Di Lorenzo.
John L. N. Hunt, for respondent Johanna Di Lorenzo.

BISCHOFF, J. The plaintiff, a dealer in household furniture, sold certain such articles to the defendants under a conditional agree-

ment of sale, expressed as a contract of rental, but looking to the final passing of title to the purchasers, upon their duly making payment of an agreed sum in stated installments. For a first cause of action, the complaint set forth the delivery under this agreement, but no default of the agreed payments was alleged; and the demand for judgment was based solely upon allegations of a modification of the contract, whereby the goods were sold to the defendants absolutely, and of their failure to pay the price agreed upon on such sale. The right of the plaintiff to recover upon the second cause of action, for the purchase price of another and distinct bill of goods, sold to the defendants unconditionally, was conceded at the trial, except with regard to an item of $17.50, representing the price of certain rolls of matting, which were claimed by the defendants to have been purchased under the first, or conditional, contract, and so not properly the subject of recovery upon the second cause of action. Since the complaint was dismissed, as to the first cause of action, for failure of proof, the only question remaining for the jury was whether or not this item of $17.50 was for goods purchased in the course of the second transaction; and they have found that it was not, but upon evidence the admissibility of which is attacked by the appellant. To support their claim that the item in question was included among the goods sold under the conditional agreement, and so not applicable to the second cause of action, the defendants offered in evidence a paper framed substantially as a duplicate of that agreement, but unsigned, and containing a schedule of the goods referred to in the body of the paper as the subject of the transaction. In this schedule appeared the item of $17.50 for matting, which item did not appear in the schedule annexed to the executed agreement which remained in the plaintiff's hands; but it was admitted that the paper produced by the defendants had been prepared by the plaintiff, and given to them by her, upon their request for a memorandum of the articles covered by the agreement. The objection to the reception of this paper in evidence, upon the ground that it tended to vary the written contract, was not well taken. The paper, having been drawn up by the plaintiff, and purporting to be a memorandum of the written agreement bearing the same date, was, under the circumstances, admissible as a part of the res gestæ. Eager v. Crawford, 76 N. Y. 97. And from the defendants' further evidence, received without objection, it appeared that the item in dispute was in fact the subject of the conditional sale.

The remaining point raised by the appellant has to do with the propriety of the dismissal of the complaint as to the first cause of action; but we think, as to this, that there was a total failure of proof of the allegations, and that the ruling was correct. As alleged, so far, the action was for the full purchase price of the goods delivered under the conditional agreement, the demand being based upon a subsequent sale of those goods, absolutely; but, from the only evidence given in support of the defendants' promise to pay the full price as upon a sale, it appeared that this promise was made, and the sale, in form, concluded, at a time when, within the full understanding of all the parties, the goods had been totally destroyed by fire. Hence

there was no subject of sale, and no possibility that the minds of the parties had met upon a sale. The conditional agreement contained a clause giving a right to the plaintiff, in case of default, to remove the goods, and to "collect all reasonable charges for the use thereof, and expense of removal, and injuries thereto"; and, according to the plaintiff's evidence, it appears that the defendants conceded or assumed that they were liable for the value of the property, as destroyed by fire when in their possession, since, after the fire, the defendant Gregorio Di Lorenzo approached the plaintiff's agent upon the subject, and, apparently recognizing the indebtedness, assented to the plaintiff's proposal that an absolute bill of sale be taken by the defendants, and payment made as soon as their circumstances rendered it possible. Whether or not there was a promise to pay for the goods destroyed, enforceable by the plaintiff, is not a question which is now presented; but, assuming that there was a possible ground of recovery, that ground was not the subject of this action, which proceeded solely upon a sale, and no consent to litigate a cause of action other than that pleaded could be inferred from the defendants' failure to object to the admission of the evidence of this promise, since such evidence was relevant to the issue of the alleged sale.

The questions above considered cover the points raised by the appellant, so far as the matters in argument are presented by objections and exceptions duly taken at the trial; and we conclude that the judgment should be affirmed, with costs.

By appeal from the affirmance of an order denying a motion for a retaxation of costs, the appellant seeks to present to this court the question whether these defendants, separately answering, and appearing by separate attorneys, were properly permitted to tax separate bills of costs; there being no dispute that the defendants became entitled to costs, generally, because of the plaintiff's failure to recover $50 in the action. It is said that the separate appearance was collusive, and was merely for the purpose of enabling the defendants to tax more than one bill; but the matter is not one which may be addressed to the consideration of this court. Successful defendants, who have interposed separate answers and have separately appeared, may insist that their several bills of costs be taxed by the clerk, as of course; and the plaintiff, if contesting the taxation, must sustain the burden of showing that the defendants' interests were identical, and that the severance was collusive. Railroad Co. v. Burkard, 40 Hun, 625. Accordingly, the motion for retaxation proceeded upon a question of fact, calling for the exercise of discretion by the court below, and the resulting order is not appealable to the appellate term. Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687. Appeal from order dismissed, with costs. All concur.