(26 Misc. Rep. 128.)

## BROWN v. GEORGI et al.

(Supreme Court, Appellate Term. January 30, 1899.)

1. APPEAL—DECISIONS REVIEWABLE—DISCRETION—DISCOVERY.
    An order for inspection and discovery is discretionary, and hence is not appealable, unless the record discloses a total absence of grounds on which discretion could proceed.

2. SAME—ORDERS AFFECTING SUBSTANTIAL RIGHTS.
    Where an order directs that the answer be stricken out unless defendants comply with a prior order for discovery within two days, it does not affect a substantial right, and therefore is not appealable.

3. SAME—EX PARTE ORDERS.
    Where an order striking out an answer for failure to comply with an order for discovery is granted ex parte, and no order denying a motion to vacate it is made, it is not appealable.

4. DISCOVERY—GROUNDS—EVIDENCE.
    Where a verified petition for discovery shows that a lease on which the action is founded was executed in duplicate, and that, while plaintiff is unable to find his own copy, defendants are in possession of theirs, an inspection of which is necessary to prepare an amended complaint, since the terms of the instrument alleged are disputed, though defendants deny possession, it is ground for an order of discovery in aid of an amended complaint, under Gen. Rules Prac. 14, subd. 1, providing that

such an application may be made by plaintiff to compel discovery of documents in defendant's possession or control, which may be necessary to enable him to frame his complaint.

5. SAME—NOTICE—SERVICE—WAIVER—DISCRETION.

    The fact that service of an order to strike out an answer unless defendants comply with an order for discovery is made on defendants' attorney, and not on them personally, does not deprive the court of power, under Code Civ. Proc. § 808, to strike out the answer for their failure, where they appear on the motion, and contest the matter on the merits.

Appeal from city court of New York, general term.

Action by William L. Brown against William Georgi and others. The general term of the city court of New York affirmed an order for inspection and discovery, an order directing the striking out of defendants' answers unless the prior order for discovery be complied with within two days, and an order striking out such answers and for judgment (56 N. Y. Supp. 851), and defendants appeal. Dismissed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

C. F. Swart, for appellant Isabella Georgi.
H. A. Vieu, for appellant William Georgi.
William J. Walsh, for respondent.

GIEGERICH, J. The order for inspection and discovery was, in its nature, a discretionary order; hence it was not appealable to this court, unless the record should disclose a total absence of grounds upon which discretion could proceed. Allen v. Meyer, 73 N. Y. 1; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687. Here the court below could have been led to believe, by the verified petition, that the lease upon which the action was founded had been executed in duplicate, and that, while the plaintiff was unable to find his own copy, the defendants were in possession of one themselves, an inspection of which was necessary for the preparation of an amended complaint, since the terms of the instrument were disputed. The matter did not necessarily involve a mere search of the defendants' evidence, for the lease was the foundation of the plaintiff's case, and the discovery was sought to avoid a variance from the proof, which the complaint might well present if drawn merely upon recollection of the contract. That such a variance would result was suggested by the denial interposed to the original complaint, and, therefore, reason for the discovery in aid of the amended complaint is found. Rule 14, subd. 1, Gen. Rules Prac.

The bare denial of the defendants that they had possession of the paper was not of a nature necessarily to commend itself to the court below as conclusive in fact (Hepburn v. Archer, 20 Hun, 535; Manufacturing Co. v. Venner, 86 Hun, 42, 33 N. Y. Supp. 287), and accordingly we cannot say that there was no room for the exercise of discretion in the plaintiff's favor. Therefore the order was not appealable, and, indeed, the right to an appeal in such a case has been denied, absolutely, from the mere nature of the order, irrespective of the facts. Clyde v. Rogers, 87 N. Y. 625; Finlay v. Chapman, 119 N. Y. 404, 23 N. E. 740.

The order directing that the defendants' answer be stricken out upon their failure to comply with the order for discovery was fully within the power of the court below to make (Code Civ. Proc. § 808), and the fact that service of this original order was made upon their attorney, rather than upon them personally, did not deprive the court of that power, since they appeared upon the motion to strike out the answers, and contested the matter upon the merits. Doubtless the court could have compelled the plaintiff to make personal service of the order before entertaining the motion thus to punish the defendants, this being the usual practice; but the power of the court was not limited to a strict regard for that practice, where the parties were actually before it, and were fully apprised of the nature of the proceeding. Hart v. Johnson, 43 Hun, 505. Personal service was not required by the statute in this case, and the question of sufficiency of notice to justify the order was one which addressed itself to the court's discretion. Moreover, this order did not affect a substantial right, since its operation did not extend to the striking out of the answers, but left the matter in the alternative, subject to the further action of the court. Brinkley v. Brinkley, 47 N. Y. 40. Therefore no appeal lies.

Nor can we entertain the appeal from the affirmance of the order which finally directed that the answers be stricken out, which appeal, indeed, according to the appellants' position, is directed only to the provision for motion costs, since the order was granted ex parte, and no order denying a motion to vacate it is before us, or was before the general term. In re Dunn (Sup.) 14 N. Y. Supp. 14. And see In re Peekamose Fishing Club's Trustees, 5 App. Div. 283, 39 N. Y. Supp. 124.

The appeals must, therefore, be dismissed, with costs. All concur.