ELIZA FRANCES COLES, Appellant, v. JOHN J. CARROLL and Others, Respondents, and Others, Defendants.— Judgment modified by limiting the award of costs to one bill of costs for each set of defendants appearing by the respective lawyers in the case, and as so modified unanimously affirmed, without costs. Conclusion of law numbered second is reversed and a new conclusion in accordance with this decision will be made. There is no reason here for the application of the rule invoked by the respondents, if such it be, that when double services have in fact been performed additional bills of costs should be allowed to the extent of the increased services performed necessarily or properly in the cause. (*Mazet* v. *Crow*, 10 N. Y. Supp. 743 [not officially reported].) There are several classes of defendants, each class is represented by one lawyer, and in each the interests of the defendants are practically identical. The only answer in which an affirmative defense was set up was that filed by defendant Gaetano Borrelli. We are of opinion that but one bill of costs should have been allowed to the defendants in each class. (*Hook* v. *German American Bank*, 152 App. Div. 253; *Wolf* v. *Di Lorenzo*, 22 Misc. 323, 326; *Olifiers* v. *Belmont*, 15 id. 120.) Lazansky, P. J., Young, Hagarty and Carswell, JJ., concur; Scudder, J., concurs in separate memorandum as follows: Plaintiff has failed to establish that there are or ever were uplands in what is now the village of Mamaroneck, Westchester county, bounded on the north by the southerly line of Boston Post road; on the east by the westerly line of Lot No. 11 on a certain map entitled " Map of Lots belonging to Adam G. Coles, Mamaroneck," filed in the office of the Register of Westchester County, August 10, 1891, as Map No. 806; on the south by the high-water line of Mamaroneck harbor; and on the west by the line dividing the land formerly of Dr. David Rogers, Jr., and the land formerly of Bartholomew Ward, prolonged across the Boston Post road to high-water mark. The record shows that plaintiff's

predecessors in title for upwards of 125 years owned and conveyed land between the Boston Post road and Mamaroneck Harbor, west of and immediately adjoining Lot No. 28 on the William Bridges map, No. 670, filed in Westchester county register's office, and the record also shows that a certain strip of land on the southerly side of the Boston Post road between it and the harbor and adjoining on the west said lot No. 28, has been described since 1835, in sundry deeds and mortgages, in plaintiff's chain of title, as beginning at said lot No. 28 and " running thence southwesterly by the Turnpike Road 500 feet." The premises described in the complaint purport to begin at a point on the southerly side of the Boston Post road about 312 feet westerly of said lot No. 28, therefore, well within the 500 feet description, but the evidence does not show that there are any uplands between the Boston Post road and Mamaroneck harbor, beginning at this point and extending therefrom westerly along the southerly side of the Post road. There is no proof that plaintiff ever had title to uplands lying south of the Boston Post road and west of the line dividing the lands formerly of the aforesaid Rogers and Ward, if the division line between their lands were prolonged across said Post road to high-water mark of said harbor. Settle order on notice.